## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JEREMY SORENSON, an individual,
RANDAL REEP, an individual,
RANDAL SMITH, an individual,
ADAM MCLEAN, an individual, and
JAMES DOYLE, an individual,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

DELTA AIRLINES, INC., a Delaware
Corporation.

        Defendant.

Civil Action No.  1:17-cv-00541-
ELR

# TABLE OF CONTENTS

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............... 1

II.  SUMMARY OF THE ARGUMENT ......................................... 3

III.  ARGUMENT ................................................................. 4

    A.  Standard of Review ......................................... 4

    B.  USERRA ..................................................... 5

IV.  THE FAC ALLEGES FACTS SUFFICIENT TO
CONSTITUTE CAUSES OF ACTION FOR USERRA
VIOLATIONS BASED ON DELTA'S DENIAL OF EMPLOYMENT
BENEFITS FOR MILITARY EMPLOYEES ........................................... 7

    A.  Plaintiffs' Pension Contribution Claims in the FAC Allege
Facts Sufficient to Constitute a Cause of Action for USERRA
Violation ................................................................. 7

    B.  The FAC Alleges Facts Sufficient to Constitute Causes of
Action for USERRA Violations Based on Delta's Denial of Sick
Leave and Vacation Accrual to Pilots on Military Leave ............. 10

        i.  *Delta's Denial of Sick Leave Accrual and Vacation Time
Accrual to Military Pilots Violates USERRA* ...................... 11

        ii.  *Delta's Denial of Vacation Time Bonus Accrual to
Military Pilots Violates USERRA* ........................................ 12

    C.  Plaintiffs' Profit Sharing Claims in the FAC Allege Facts
Sufficient to Constitute a Cause of Action for USERRA
Violation ................................................................. 13

V.  PLAINTIFFS PLEAD FACTS SUFFICIENT TO SUPPORT A
CLAIM FOR DISCRIMINATION ............................................... 14

A.     Harassment and Hostile Work Environment are Actionable
Causes of Action Under USERRA ................................................... 14

B.     The FAC Pleads Facts Sufficient to Support
Plaintiffs' Cause of Action for Hostile Work Environment .......... 16

C.     Plaintiffs Plead Facts Sufficient to Constitute a Cause of
Action for Discrimination Based Upon Concurrent Duty ............ 19

D.     Plaintiffs' 5-Year Limits Claims Provide Facts Sufficient to
Constitute a Cause of Action for USERRA Violation ................... 22

VI.    DELTA'S ALLEGATION THAT PLAINTIFFS LACK STANDING
IS WITHOUT MERIT ............................................................................. 23

VII.   CONCLUSION ........................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................... 4

*Ben Sheftall Distributing Co. v. Mirta de Perales, Inc.,*
   791 F.Supp. 1575 (1992) ................................................................................. 5

*Blum v. Morgan Guaranty Trust Co.,*
   709 F.2d 1463 (11th Cir. 1983) ...................................................................... 5

*Carder v. Continental Airlines, Inc.,*
   636 F.3d. 172 (5th Cir. 2011) ....................................................................... 15

*Dees v. Hyundai Motor Mfg. Alabama, LLC,*
   605 F. Supp.2d. 1220 (M.D. Ala. 2009) ...................................................... 16

*Hunt v. Klein,*
   2011 U.S. Dist. LEXIS 14918 (S.D.N.Y. Feb. 10, 2011) ............................. 8, 9

*Leisek v. Brightwood Corp.,*
   278 F.3d 895 (9th Cir. 2002) ........................................................................ 15

*Parr v. Woodmen of World Life Ins. Co.,*
   791 F.2d 888 (11th Cir. 1986) ........................................................................ 5

*Perez v. Denver Fire Dep't,*
   2016 U.S. Dist. LEXIS 10114 (D. Col. Jan. 26, 2016) ............................ 17, 18

*Rogers v. City of San Antonio,*
   392 F.3d 758 (5th Cir. 2004) .......................................................................... 5

*Schmauch v. Honda of America Manufacturing, Inc.,*
   295 F.Supp.2d 823 (S.D. Ohio 2003) .......................................................... 11

*Spokeo v. Robins,*
   136 S. Ct. 1540 (2016) ............................................................. 23, 24

*Spurlin v. Christwood, LLC,*
   2016 U.S.Dist. LEXIS 151850 (E.D. La. Nov. 2, 2016) .................................... 8

*Tartt v. Magna Health Sys.,*
   2016 U.S. Dist. LEXIS 154356 (N.D. Ill. Nov. 7, 2016) ............................ 8, 10

*Tukay [sic] v. United Airlines, Inc.,*
   2016 U.S. Dist. LEXIS 75277 (N.D. Cal. June 10, 2015)............................ 8, 9

*Waltermyer v. Aluminum Co. of America,*
   804 F.2d 821 (3rd Cir. 1986) .......................................................... 11

*Wang v. New York State Dept. of Health,*
   966 N.Y.S.2d 327 (N.Y. 2013) ......................................................... 15

*Woodall v. Am. Airlines, Inc.,*
   2006 U.S. Dist. LEXIS 73007 (N.D. Tex. October 6, 2006) ........................... 6

*Wooden v. Board of Regents of Univ. System of Georgia,*
   247 F.3d 1262 (11th Cir. 2001)....................................................... 23

**Statutes**

1994 U.S.C.C.A.N. 2449 .................................................................. 15

1994 U.S.C.C.A.N. 2452 .................................................................. 15

1994 U.S.C.C.A.N. 2456 .................................................................. 15

20 C.F.R. §1002.150 ................................................................. 10, 11

28 U.S.C. §1331 ........................................................................... 3

38 U.S.C. §4301 .................................................................... passim

38 U.S.C. §4303 ........................................................................ 6, 7

38 U.S.C. § 4311 ............................................................. 7, 14, 15, 26

38 U.S.C. §4316 ...................................................................... 6, 10

38 U.S.C. §4322 .......................................................................... 6

38 U.S.C. §4323 .......................................................................... 3

38 U.S.C. §4333 .......................................................................... 3

## Rules

Federal Rules of Civil Procedure Rule 12 ............................................. 1, 3, 5, 23

## Miscellaneous Authorities

H.R. Rep. No. 103-65, Pt. I at 33-34 (1993) ........................................ 15

H.R. Rep. No. 65, Part 1, 103d Cong., 1st Sess. 21 (1993) ................................ 15

## PLAINTIFFS' OPPOSITION TO DEFENDANT
## DELTA AIRLINES, INC.'S MOTION TO DISMISS

Plaintiffs Jeremy Sorenson, Randal Reep, Randal Smith, Adam McLean, and James Doyle ("Plaintiffs"), hereby submit the following Memorandum of Points and Authorities in support of their Opposition to Defendant Delta Airlines, Inc.'s ("Delta") Motion to Dismiss Plaintiffs' First Amended Complaint[1] ("FAC") under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Motion").

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed their lawsuit in the United States District Court for the Northern District of Georgia on February 13, 2017. [Doc. No. 1.] On March 10, 2017, Plaintiffs filed their First Amended Complaint. [Doc. No. 12.] Delta filed its Motion to Dismiss on April 6, 2017. [Doc. No. 13-1.]

This case arises out of Delta's knowing and repeated violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), codified at 38 U.S.C. §§4301 *et. seq.* As alleged in the FAC, Plaintiffs and the Class are persons protected under USERRA in that they

---

[1] As an initial matter, Plaintiffs draw the Court's attention to Delta's abuse of footnotes in their Motion which are used to avoid the Court's rule on page limitation. See footnotes contained in Doc. No. 13-1 at pp. 18, 5, 6, 9, 19 and 23. Totaling the lines on these footnotes would increase Delta's page count three (3) full pages.

are or were members of the United States Armed Services or National Guard. FAC, ¶¶7, 35, 47, 58, 70-71, 84-85. Delta's company culture of discrimination against its military personnel is illustrated throughout the FAC which sets forth facts supporting the following USERRA violations: (1) Plaintiffs and the Class were denied employment benefits by Delta's omission, underfunding and late funding of pension benefits; (FAC, ¶¶40, 43, 44, 46, 51, 67, 76, 89, 104, 110-25); (2) Delta denied Plaintiffs and the Class sick time and vacation accrual (FAC, ¶¶41, 43, 44, 53, 69, 77, 91, 104, 126-44); (3) Delta deprived Plaintiffs and the Class profit sharing (FAC, ¶¶41, 43, 45, 52, 68, 76, 90, 104, 145-53); and (4) discriminating against and harassing Plaintiffs and the Class as a result of their military service membership and obligations (FAC, ¶¶30-34, 38, 39, 42, 50, 55-57, 61, 63, 65-66, 74, 79-83, 104, 121,155-98).

As set forth in the FAC, Delta's policies and practices, **at every level of upper management**, are designed and intended to discourage employees from performing military service, to reduce the amount of military service its employees perform, or to have employees resign from the military completely. This enables Delta to employ fewer pilots and avoid its responsibilities under USERRA. Plaintiffs collectively seek declaratory, injunctive and monetary damages as compensation for Delta's USERRA violations. FAC at pp. 45-47.

/ /

## II.  **SUMMARY OF THE ARGUMENT**

Delta brings its Motion pursuant to Rules 12(b)(1) and 12(b)(6). This Court has subject matter jurisdiction, an issue Delta all but concedes. Indeed, Delta makes a mere a passing reference to a lack of standing argument in its introduction and in a footnote. [Doc. No. 13-1 at p. 2 and fn. 8 at p.11.] Despite Delta's bare assertions, it is beyond obvious that this Court maintains jurisdiction over Plaintiffs' claims under USERRA violations pursuant to 28 U.S.C. §1331, as conferred by 38 U.S.C. § 4323(b)(3). FAC, ¶¶1, 13. Plaintiffs allege they are members of the uniformed services which qualifies them for protections under USERRA and that they have each been damaged by Delta's conduct. *See e.g.* FAC, ¶¶40-41, 43, 51-53, 57, 66-69, 75-77, 79, 82-83, 89-91, 93, 104, 120, 122, 134, 143, 152, 172, 184, 187, and 198. These must be taken as true. Accordingly, Delta's Motion to Dismiss on this bases must be denied.

Likewise, Delta's request for dismissal under F.R.C.P. 12(b)(6) Motion fails. Delta ignores the notice pleading standard and repeatedly ignores the well-pleaded facts of the FAC. Instead, Delta essentially requests that this Court hold Plaintiffs to the summary judgment standard by arguing that Plaintiffs have not provided evidence that Plaintiffs pension contributions were "less than required by USERRA," that Plaintiffs have not shown that

3

military leaves were treated differently than other types of leave for sick time and vacation accrual purposes, and that Plaintiffs have not identified any profit sharing payments "that [were] not calculated properly." [Doc. No. 13-1], at pp. 12-13. Delta is wrong. However, and despite Delta's pleas to the contrary, Plaintiffs have provided Delta with fair notice of their claims and the grounds upon which these claims are based.

Plaintiffs request that this Court see Delta's Motion for what it is: a thinly veiled attempt to foreclose Plaintiffs from obtaining discovery that will prove the claims set forth in their FAC. Delta's Motion to Dismiss Plaintiffs' FAC should be dismissed in its entirety.

## III. ARGUMENT

### A. Standard of Review

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). A complaint is plausible on its face when plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* In making its determination, the court is limited to the contents of the pleadings and "must construe the complaint *liberally* in favor of the plaintiff, taking the facts alleged as true. The motion

should be denied if a claim has been pleaded." *Blum v. Morgan Guaranty Trust Co.*, 709 F.2d 1463, 1466 (11th Cir. 1983) (citing Fed. R. Civ. P. 12(b)(6)) (emphasis added). "As long as, in the end, the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, the theory of notice pleading is satisfied." *Ben Sheftall Distributing Co. v. Mirta de Perales, Inc.*, 791 F.Supp. 1575, 1578 (1992) (*citing Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A motion to dismiss the complaint under Rule 12(b)(6) is therefore not proper, "unless it appears *beyond doubt* that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Parr v. Woodmen of World Life Ins. Co.*, 791 F.2d 888, 889-90 (11th Cir. 1986) (*quoting Conley,* 355 U.S. at 45-46 (emphasis added)).

### B. USERRA

USERRA prohibits civilian employers from discriminating against employees based on their military service. *Rogers v. City of San Antonio*, 392 F.3d 758, 762 (5th Cir. 2004). Section 4301(a) provides that "[a] person who is a member of ... a uniformed service shall not be denied ... *any benefit of employment* by an employer on the basis of that membership . . ." 38 U.S.C. §4301(a) (emphasis added). USERRA defines "benefit of employment" as:

5

> any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. §4303(2). Pursuant to §4316(a) of USERRA, a person who is absent from employment due to military leave "is entitled to the seniority and other rights and benefits . . . that such person would have attained if the person had remained continuously employed." 38 U.S.C. §4316(a). "An employer shall be considered to have engaged in actions prohibited" "if the person's membership... or obligation for service in the uniformed services is a motivating factor in the employer's action..." 38 U.S.C. §4301(a)(1). Generally, to bring a claim under USERRA, a plaintiff must allege that: (1) a person is entitled to employment or reemployment rights or benefits with respect to employment by an employer; and (2) such employer failed or refused, or is about to fail or refuse, to comply with the provisions of the chapter. 38 U.S.C.S. §4322(a). *Woodall v. Am. Airlines, Inc.* 2006 U.S. Dist. LEXIS 73007 at *11 (N.D. Tex. October 6, 2006).

/ /

/ /

## IV. THE FAC ALLEGES FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION FOR USERRA VIOLATIONS BASED ON DELTA'S DENIAL OF EMPLOYMENT BENEFITS FOR MILITARY EMPLOYEES

### A. Plaintiffs' Pension Contribution Claims in the FAC Allege Facts Sufficient to Constitute a Cause of Action for USERRA Violation

USERRA protects service members from being denied "any benefit of employment on the basis of that membership...or obligation." FAC, ¶19 *(citing 38 U.S.C. § 4311)*. The term "benefit of employment" includes "benefits under a pension plan." 38 U.S.C. §4303(2).

Contrary to Delta's argument, the FAC specifically alleges *how* pension payments, or lack thereof, violated USERRA. The FAC further alleges, in detail, that Delta violated USERRA by omitting, underfunding and providing late pension contributions to military service members who took long term or short term military leave while employed by Delta.[2] FAC, ¶¶40, 43, 44, 46, 51, 67, 75, 89, 104 and 120-23. For payments that were actually made, Plaintiffs allege that the *methodology* Delta utilized in calculating pension benefits for pilots on military leave violates USERRA and that many payments were made later than ninety (90) days following reemployment

---

[2] Though not disputed, each Plaintiff took short term and long term military leave while employed by Delta and each suffered damages as a result of Delta's pension contribution omissions, underfunding and late funding issues. *See* table on page 24.

(which, in and of itself, is a violation of USERRA). FAC, ¶¶117, 122. Lastly, Plaintiffs allege the pension verification process for pilot's returning from military leave violates USERRA. FAC, ¶117.

Despite these well-pleaded allegations which clearly place Delta on notice of the claim and the grounds upon which that claim rests, Delta asserts that *even more* detailed facts are required at this stage and reaches for support of its argument by citing to four non-binding and wholly distinguishable cases: *Spurlin v. Christwood, LLC*, 2016 U.S.Dist. LEXIS 151850 (E.D. La. Nov. 2, 2016), *Tukay [sic] v. United Airlines, Inc.*, 2016 U.S. Dist. LEXIS 75277 (N.D. Cal. June 10, 2015), *Hunt v. Klein*, 2011 U.S. Dist. LEXIS 14918 (S.D.N.Y. Feb. 10, 2011), and *Tartt v. Magna Health Sys.*, 2016 U.S. Dist. LEXIS 154356 **11-12 (N.D. Ill. Nov. 7, 2016). Delta is wrong.

In *Spurlin*, the complaint was dismissed because plaintiff failed to allege that she was in a uniformed service and protected under USERRA. *Spurlin,* 2016 U.S.Dist. LEXIS 151850 *8. Here, Delta does not dispute that Plaintiffs are protected under USERRA.

In *Tukay*, the plaintiff sued United Airlines for employment discrimination arising out of his 2013 termination from the airline following an allegation that plaintiff was responsible for vandalism in the airport parking lot. Plaintiff's USERRA allegation was based solely on the claim that

8

"he was a veteran . . . and that in dismissing plaintiff, defendant failed to advance plaintiff's interest as a veteran as required by the statutes." *Tukay*, 2015 U.S. Dist. LEXIS 75277 at *12. The court held that plaintiff had "not pled a plausible claim for discrimination based on veteran status." *Id.*

Unlike the single and overtly facts alleged in *Tukay*, Plaintiffs allege **specific conduct** that violates USERRA. Unsurprisingly, Delta makes no mention of any of these facts, that Delta omitted, underfunded and provided late pension payments. FAC at ¶¶40, 43, 44, 46, 51, 67, 76, 89, 104, 110-25. Plaintiffs have also pleaded the cause of these violations: Delta's anti-military culture of discrimination coupled with a flawed pension calculation methodology and a flawed military leave verification process.

While Delta also cites to *Hunt,* and only does so as part of a longer string cite, it fails to provide a page number or quotation for any premise in *Hunt* upon which it relies. Nevertheless, any reliance on *Hunt* is misplaced because the court dismissed the plaintiff's complaint for failure to allege facts identifying that defendant's conduct was motivated by plaintiff's status in the military. *Hunt*, 2011 U.S. Dist. LEXIS 14918 *10-11. Unlike the facts in *Hunt,* here Plaintiffs have alleged that Delta's conduct toward Plaintiffs was motivated by Delta's anti-military culture which is designed to discourage military service. FAC, ¶¶30-34, 123, 133, 142, 151, 168-71, 185 and 197.

Lastly, Delta cites to *Tartt*, another non-binding and distinguishable decision where the *pro se* plaintiff made various allegations that were so poorly conceived and without merit, the court on its own motion dismissed with prejudice all of plaintiff's claims. *Tartt*, 2016 U.S. Dist. LEXIS 154356, *16. The plaintiff failed to present the factual basis on which plaintiff's claims were premised and thus failed to give defendant's adequate notice of the claims against them. *Id.*

Here, Plaintiffs have alleged specific facts sufficient to put Delta on notice of its conduct that violates USERRA and Delta's reliance on these cases is misplaced. Plaintiffs request this Court disregard the nonbinding and wholly distinguishable authority cited by Delta and deny Delta's Motion to Dismiss as to Plaintiffs' pension contribution claims.

B. The FAC Alleges Facts Sufficient to Constitute Causes of Action for USERRA Violations Based on Delta's Denial of Sick Leave and Vacation Accrual to Pilots on Military Leave

USERRA requires that employers must treat an employee on military leave as if he or she is on furlough or leave of absence. 38 U.S.C. § 4316(b)(1)(A). The employee is entitled to non-seniority employment rights and benefits available to any other employee who is on leave of absence. 38 U.S.C. §4316(b)(1)(B); 20 C.F.R. §1002.150(a). "[T]he employee must be given the most favorable treatment accorded to any comparable form of leave when

10

he or she performs service in the uniformed service. If more than one kind of non-military leave is used, the comparison should be made with the employer's most generous form of comparable leave." *Waltermyer v. Aluminum Co. of America,* 804 F.2d 821 (3rd Cir. 1986); H.R. Rep. No 103-65, Pt. I at 33-34 (1993); *Schmauch v. Honda of America Manufacturing, Inc.,* 295 F.Supp.2d 823, 836-39 (S.D. Ohio 2003) (employer improperly treated jury duty more favorably than military leave).

i. *Delta's Denial of Sick Leave Accrual and Vacation Time Accrual to Military Pilots Violates USERRA*

Two of the benefits of employment provided to all Delta pilots is the accrual of sick time and vacation, and both accrue based upon the pilot's longevity with Delta. FAC, ¶¶128, 137. Both are employment benefits that must be provided by an employer to an employee on military leave of absence if the employer provides those same benefits to similarly situated employees on comparable leaves of absence. 20 C.F.R. §1002.150(c).

As alleged in the FAC, Delta refused, and continues to refuse, to allow Plaintiffs and the Class to accrue sick time and vacation during periods of military leave even though Delta pilots on non-military leave, such as Association Business Leave, vacation leave, jury duty, Known Personal Leaves and certain other personal leaves of absence accrue sick leave and

11

vacation time during those absences. FAC, ¶¶41, 43-45, 53, 69, 77, 91, 104, 128-34, 138 and 140.

The FAC alleges that Delta is violating USERRA as Plaintiffs and the Class are not being granted the same and most favorable benefits that are provided to employees on other forms of non-military leave. The alleged facts, taken as true for purposes of the motion to dismiss, state that Delta's denial of sick time and vacation accrual was due to Plaintiffs' membership in the uniformed services and absence from employment. Further, Plaintiffs allege that, but for their military service obligations, Plaintiffs and the Class would have accrued sick and vacation time like all other Delta pilots, which resulted in damages. FAC, ¶¶132-35, 137, 138, and 140-44.

### ii. *Delta's Denial of Vacation Time Bonus Accrual to Military Pilots Violates USERRA*

In addition to these basic accrual violations, pilots on military leave have been excluded from certain bonus plans that reward the pilots when there has been a low sick leave utilization on certain fleets. Low sick time utilization enables Delta to hire fewer pilots. As an incentive, if there is low sick time utilization, Delta will provide all the pilots who fly that specific type of aircraft in that base additional vacation time. FAC, ¶139. However, if the pilot was absent due to military service obligations, the pilot is excluded from

the incentive award. Plaintiffs allege that each of them has been eligible for this type of bonus plan but have been excluded from the bonus solely due to their military service obligations.

Plaintiffs have pleaded facts sufficient to constitute a cause of action for violation of USERRA based upon Delta's refusal to permit pilots on military leave to accrue sick and vacation time and respectfully request this Court deny Delta's Motion to Dismiss with respect to Plaintiffs' sick time and vacation accrual causes of action.

### C. Plaintiffs' Profit Sharing Claims in the FAC Allege Facts Sufficient to Constitute a Cause of Action for USERRA Violation

Delta's policies provide that pilots on military leave will participate in annual profit sharing based on their "imputed income, or the hours they would have flown and therefore wages they would have been paid, if they did not have military service obligations." FAC, ¶146. Delta violated that policy and denied Plaintiffs a benefit of employment by omitting their periods of military service in calculating Plaintiffs' profit sharing contributions. FAC, ¶¶ 43, 53, 68, 77, and 91. As a result of this omission, Plaintiffs received lower profit sharing contributions than they would have received but for their military service. *Id.* at ¶148-50. Plaintiffs allege their military service was a motivating factor in Delta's intentional failure to properly calculate profit

13

sharing benefits. *Id.* at ¶151.

In its Motion, Delta improperly attempts to apply a heightened pleading standard to this cause of action by implying that Plaintiffs are required to identify a "profit sharing payment ... that was not calculated properly." ECF No. 13-1 at p. 13.[3] But Plaintiffs are not required to prove their claims at the pleading stage. Plaintiffs have alleged facts sufficient to place Delta on notice of their claims and the grounds those claims are based on. Plaintiffs respectfully request this Court deny Delta's Motion as to Plaintiffs' profit sharing claims.

## V.   PLAINTIFFS PLEAD FACTS SUFFICIENT TO SUPPORT A CLAIM FOR DISCRIMINATION

### A. Harassment and Hostile Work Environment are Actionable Causes of Action Under USERRA

USERRA prohibits discrimination against persons because of their service in the uniformed services. 38 U.S.C. § 4301(a). USERRA affords broad protections against discrimination, providing that service members "shall not be denied ... any *benefit of employment* by an employer on the basis of that membership...." 38 U.S.C. §4311(a) (emphasis added). A violation of USERRA

---

[3] Delta's demand is not supported by authority and is self-serving considering Delta is in sole possession of its profit sharing calculation data and has refused to provide it to Plaintiffs. FAC, ¶¶44, 45, 52, 67, 68, 76 and 90.

occurs when a person's service membership is a motivating factor in the employer's action. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 899 (9th Cir. 2002) (*quoting* 38 U.S.C. §4311(c)(1)).

As stated by Congress: "these anti-discrimination provisions [are to] be broadly construed and strictly enforced and the intent has always been to have an expansive interpretation." H.R. Rep. No. 103-65, at 19 (1993), reprinted in 1994 U.S.C.C.A.N. 2449, 2452, 2456. "These rights are broadly defined to include all attributes of the employment relationship which are affected by the absence of a member of the uniformed services because of military service. The list of benefits is ... not intended to be all inclusive." H.R. Rep. No. 65, Part 1, 103d Cong., 1st Sess. 21 (1993).

On November 21, 2011, Congress passed The VOW to Hire Heroes Act of 2011, as a direct response to the Fifth Circuit Court of Appeals' opinion in *Carder v. Continental Airlines, Inc.*, 636 F.3d. 172 (5th Cir. 2011). It clarified that hostile work environment claims are cognizable under USERRA.

In *Wang v. New York State Dept. of Health*, 966 N.Y.S.2d 327 (N.Y. 2013), the court discussed the *Carder* court's analysis of USERRA before disagreeing with its holding when it concluded "that Congress did intend to allow a military member who is subjected to a hostile work environment on account of her military service to obtain redress under USERRA." *Id.* at 332.

Plaintiffs request that this Court also adopt the well-settled rule of law by recognizing their harassment and hostile work environment claims as actionable causes of action under USERRA.

### B. The FAC Pleads Facts Sufficient to Support Plaintiffs' Cause of Action for Hostile Work Environment

A USERRA harassment claim is "actionable when [the discriminatory conduct] is sufficiently severe or pervasive to alter the conditions of [the service member's] employment and create an abusive working environment." *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 605 F. Supp.2d. 1220, 1228 (M.D. Ala. 2009). *Dees*, which was decided at the summary judgment stage, analyzed multiple *factors* in determining plaintiff's harassment claim: (1) the frequency of the discriminatory conduct; (2) the severity of the discriminatory conduct; (3) the whether the discriminatory conduct is physically threatening or humiliating (or a merely offensive utterance); and (4) and whether it unreasonably interferes with an employee's work performance. *Id.*

Plaintiffs have specifically alleged they were harassed by employees of Delta based on their military service. FAC, ¶¶39, 50, 55, 57, 61, 66, 74, 80, 81, 82, 83, 88, 96, 97 and 166. Indeed, the pervasive nature of Delta's harassing conduct is detailed over several pages in the section entitled "Delta's Anti-Military Corporate Culture." FAC, pp.9-12.

Specifically, Plaintiff Reep allege the harassment against him was so severe it resulted in his termination by Delta. FAC, ¶¶50, 54-57. The harassment against Plaintiff McLean was so severe, intimidating and threatening to his physical and future financial well-being that he was forced to resign from Delta. FAC, ¶82. These threats are documented in a voicemail message from Delta to McLean that if he did not resign, Delta was prepared to use its vast resources to retaliate against him. FAC, ¶82. Plaintiff Doyle alleged that Delta threatened to terminate him and commence litigation against him to recover pay and benefits. FAC, ¶96. The harassment against him was so severe that he was also forced to resign from Delta. FAC, ¶¶93-97. The harassment against Plaintiff Smith was also so severe that it resulted in him being placed on unpaid leave of absence. FAC, ¶¶65-66. For these four named Plaintiffs, it seems absurd for Delta to argue its actions have not altered each Plaintiffs' specific conditions of employment given the economic damages suffered by each. Plaintiff Sorenson and the Class have also been harassed severely and pervasively, and without intervention of the Federal Court, it is only a matter of time before they are terminated or forced to resign as well. FAC, ¶¶34, 39.

Notably, every case cited by Delta in support of its argument is non-binding and distinguishable and all but one, *Perez v. Denver Fire Dep't*, 2016

U.S. Dist. LEXIS 10114, at *13 (D. Col. Jan. 26, 2016), was decided at the summary judgment stage. *Perez,* a Colorado district court case, was dismissed when the court determined, as a matter of law, that the content of a *single remark* made to an employee was not severe or pervasive enough to interfere with his work performance or enough constitute a hostile work environment. Here, Plaintiffs have alleged a continuing, consistent and pervasive course of conduct that resulted in discrimination of military service professionals and have specifically alleged that Delta's harassing conduct materially altered the conditions of their employment. FAC at ¶¶57, 66, 79, 83, 95, 97.

Delta cannot credibly assert that the FAC lacks sufficient facts to put Delta on notice as to the severity and pervasiveness of Delta's harassing conduct. The FAC contains several pages of allegations detailing Delta's repeated, offensive and harassing conduct by providing numerous quotes, comments, and conduct engaged in by Delta against Plaintiffs and the Class. See FAC, ¶¶30-34, 38, 39, 42, 50, 55-57, 61, 63, 65-66, 74, 79-83, 104, 121, 155-98. Despite these well-pleaded allegations, Delta requests this Court ignore the Federal Rules of Civil Procedure and proceed straight to the summary judgment stage by deciding this claim as a matter of law without giving Plaintiffs the opportunity to conduct discovery and gather evidence

regarding the extent and severity of Delta's harassing conduct. Delta's request should be denied.

### C. Plaintiffs Plead Facts Sufficient to Constitute a Cause of Action for Discrimination Based Upon Concurrent Duty

Neither party disputes that a pilot cannot perform military duties while simultaneously performing job duties for Delta. The dispute concerns the fact that Delta's Concurrent Duty policy prohibits what Delta's military employees can do on their free or off-time – while they are not "on the clock" for Delta. The practical effect of the policy is best illustrated by the following examples:

> **Example 1:** Delta pilot "A" finishes his flight duties for Delta at 6:00 a.m. on April 21. Based on Delta's Concurrent Duty policy, Delta pilot "A" is prohibited from fulfilling <u>any</u> military obligation on April 21- even though he is "off the clock" for the day at 6:01 a.m.

> **Example 2:** Delta pilot "B" starts his flight duties for Delta at 6:00 p.m. on April 21. Based on Delta's Concurrent Duty policy, Delta pilot "B" is prohibited from fulfilling <u>any</u> military obligation on April 21 prior to 6:00 p.m.

Delta's Concurrent Duty policy prohibits and ultimately punishes pilots who perform military obligations during the <u>same day</u> the employee had or has employment obligations for Delta, even though these military obligations **in no way interfere with the pilots' obligations to Delta.**

In its Motion, Delta misunderstands three very distinct and important

terms relative to this issue: "absent" due to military service, "performing" military service and what it means to be "on-call" for Delta.

In order to *perform* or provide services to the military one does not necessarily need to be *absent* from the civilian employer if the person performs their military obligations on their own free time, and those military services do not to interfere with company obligations. FAC ¶¶31, 32, 175- 77. For example, an employee could attend a conference call or a webinar on their free time without being absent from the civilian employer so long as those activities do not interfere with the employee's obligations to its employer. However, when military obligations directly overlap with company obligations, USERRA provides protections so that the employee can be *absent* from civilian employment without penalty.[4]

"On-call" means that the pilot has to be "available for work." If a pilot is "on call" for Delta beginning at 8:00 a.m., that pilot may have 12 hours or longer before the pilot has to report to the airport to fly that trip. Assuming the pilot was called at 8:00 a.m. for a flight later that evening, he or she would be free to work a four-hour shift at a grocery store, perform a side job

---

[4] Contrary to Delta's assertions at pages 2 and 20 of their Motion, Plaintiffs have alleged that leave has been denied by Delta because of the Concurrent Duty policy. *See* FAC, ¶34(c)-(d).

as a construction worker, perform duties as an attorney or even show houses as a real estate agent, without penalty. However, that same pilot cannot write evaluations or attend a conference call if it is for their military unit.

Delta's Concurrent Duty policy is discriminatory because it only prohibits an employee from performing *military service* on their free time. It does not prohibit pilots from engaging in any other activity. The policy targets military service members as the only group prevented from freely using their own personal time prior to or after reporting for work at Delta.

The cases cited by Delta in support of this policy do not involve employees performing military service on their own free time and are easily distinguishable. Plaintiffs are not suggesting that it is proper to perform military duties while simultaneously working for Delta or using Delta's resources for military obligations. Further, Plaintiffs are not asking to be paid while *absent* due to military leave and are not even asking for special scheduling preferences. What Plaintiffs are demanding is that they be treated like all other pilots at Delta who may perform activities unrelated to Delta on the same day they may also provide services to Delta.

The Concurrent Duty policy has caused Plaintiffs and the class damages because it has resulted in lost pay (Delta and military pay), lost benefits, lost career opportunities and, in some cases, has resulted in

21

termination. FAC, ¶¶39, 50, 54-57, 61, 74, 83, 92-97, 180-82.

### D. Plaintiffs' 5-Year Limits Claims Provide Facts Sufficient to Constitute a Cause of Action for USERRA Violation

USERRA provides protections for leave for up to five years of military service time, subject to exceptions which can extend that time beyond five years. FAC, ¶¶29, 190. The FAC alleges that Delta counts exempt days toward pilots' five-year period, even where there was no absence from Delta, in violation of USERRA. FAC, ¶¶34(g)-(h), 42, 65-66, 191-93. Based upon this improper five-year calculation, Delta has threatened to terminate and has terminated pilots to intimidate and discourage other pilots from performing military service. FAC, ¶194. Plaintiffs have plead damages as a result of Delta's discriminatory and harassing conduct related to USERRA's five-year limitations calculations. FAC, ¶¶194-98. Despite Delta's argument, at the pleading stage, Plaintiffs are not required to prove their claims by identifying and providing evidence of *how* Delta's calculations are incorrect. Plaintiffs have provided Delta with fair notice of their claims and the grounds upon which these claims are based — that is all F.R.C.P. 8 requires. Plaintiffs request this Court deny Delta's Motion to Dismiss regarding Plaintiffs' five-year limitations claim.

//

## VI. DELTA'S ALLEGATION THAT PLAINTIFFS LACK STANDING IS WITHOUT MERIT

Standing simply means that a plaintiff is "entitled to walk through the courthouse door and raise his (or her) grievance before a federal court; it is a threshold determination that is conceptually distinct from whether plaintiff is entitled to prevail on the merits." *Wooden v. Board of Regents of Univ. System of Georgia,* 247 F.3d 1262, 1282 (11th Cir. 2001). It has nothing to do with the merits of a claim. *Wooden,* 247 F.3d at 1280-81. Standing consists of three elements, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins,* 136 S. Ct. 1540, 1548 (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Id.* at 1548.

Delta brings its Motion pursuant to Rules 12(b)(1) and 12(b)(6) yet it notably fails to brief any of its argument with respect to 12(b)(1). Delta makes a passing reference to its lack of standing argument in its introduction and in a footnote. ECF No. 13-1 at p. 2, fn. 8 at p.11. Delta has conceded, or abandoned, its argument on Plaintiffs' lack of standing for its glaring failure to brief it. The table below identifies Plaintiffs' standing to bring each of their claims by providing citations to general and specific allegations in the FAC:

|              | Sorenson                          | Reep                          | Smith                         | McLean                        | Doyle                         |
| ------------ | --------------------------------- | ----------------------------- | ----------------------------- | ----------------------------- | ----------------------------- |
| Armed Forces | ¶35                               | ¶47                           | ¶58                           | ¶70, 71                       | ¶84, 85                       |
| Mil Leave    | ¶37                               | ¶49                           | ¶60                           | ¶73                           | ¶87                           |
| Pension Damages | ¶40, 43, 44, 46, 104, 120-23   | ¶51, 104, 120-23              | ¶67, 104, 120-23              | ¶75, 104, 120-23              | ¶¶89, 104, 120-23             |
| Sick & Vac'n Dam | ¶41, 43-45, 104, 128-43       | ¶53, 104, 128-43              | ¶69, 104, 128-43              | ¶77, 104, 128-43              | ¶91, 104, 128-43              |
| Profit Sh. Damages | ¶41, 43, 45, 104, 146-52    | ¶52, 104, 146-52              | ¶68, 104, 146-52              | ¶76, 104, 146-52              | ¶90-91, 104, 146-52           |
| Discrim'n    | ¶30-34, 38, 39, 42, 104, 121, 155-98 | ¶30-34, 50, 55-57, 104, 121, 155-98 | ¶30-34, 61, 63, 65-66, 104, 121, 155-98 | ¶30-34, 74, 79-83, 104, 121, 155-98 | ¶30-34, 88, 92-97, 104, 121, 155-98 |

Plaintiffs' well-pleaded FAC contains more than sufficient factual allegations that satisfy the standing requirements under *Spokeo v. Robins,* 136 S. Ct. 1540, 1548 (2016). Accordingly, Delta's Motion to Dismiss on this ground should be denied.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## VII.    CONCLUSION

Based upon the argument and authority as set forth herein, Plaintiffs respectfully request Delta's Motion to Dismiss be denied in its entirety. Should the Court rule in Delta's favor on any of these issues, Plaintiffs respectfully request the opportunity to amend their FAC.

Respectfully submitted this 18th day of May, 2017.

<div align="right">

s/ Gene J. Stonebarger
Gene J. Stonebarger, Esq.
California Bar No. 209461
Crystal L. Matter, Esq.
California Bar No. 278084
STONEBARGER LAW, P.C.
75 Iron Point Circle, Suite 145
Folsom, California 95630
Tel: (916) 235-7140
Fax: (916) 235-714
Email:
gstonebarger@stonebargerlaw.com;
cmatter@stonebargerlaw.com
*Admitted Pro Hac Vice*

Joseph Coomes, Esq.
Georgia Bar No. 184999
MCCONNELL & SNEED, LLC
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Fax: (404) 665-3090
Email: ajc@mcconnellsneed.com

Brian J. Lawler, Esq.
California Bar No. 221488
PILOT LAW, P.C.

</div>

750 Beech Street, Suite 108
San Diego, California 92101
Tel: (866) 512-2465
Fax: (619) 231-4984
Email: blawler@pilotlawcorp.com
*Admitted Pro Hac Vice*

Charles M. Billy, Esq.
California Bar No. 247046
THE LAW OFFICES OF CHARLES M.
BILLY, P.C.
22706 Aspan Street, Suite 305
Lake Forest, California 92630
Tel: (949) 357-9636
Fax: (949) 715-4311
Email: cbilly@cmblawcorp.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Century Schoolbook, 13-point font, as permitted by Local Rule 5.1B

Respectfully submitted this 18th day of May, 2017.

<div style="margin-left:40%">

s/ Gene J. Stonebarger
Gene J. Stonebarger, Esq.
California Bar No. 209461
Crystal L. Matter, Esq.
California Bar No. 278084
STONEBARGER LAW, P.C.
75 Iron Point Circle, Suite 145
Folsom, California 95630
Tel: (916) 235-7140
Fax: (916) 235-714
Email:
gstonebarger@stonebargerlaw.com;
cmatter@stonebargerlaw.com
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*

</div>

JEREMY SORENSON, an individual,
RANDAL REEP, an individual,
RANDAL SMITH, an individual,
ADAM MCLEAN, an individual, and
JAMES DOYLE, an individual,
on behalf of themselves and all others
similarly situated,

        Civil Action No.   1:17-cv-00541-
    Plaintiffs,                        ELR

v.


DELTA AIRLINES, INC., a Delaware
Corporation.

        Defendant.

---

## CERTIFICATE OF SERVICE

This is to certify that I have this 18th day of May, 2017 served the

foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT DELTA**

**AIRLINES, INC.'S MOTION TO DISMISS** with the Clerk of Court using

the CM/ECF system which will automatically send e-mail notification of such

filing to: Thomas J. Munger, Joseph Coomes, Brian J. Lawler, Charles M.

Billy, and Crystal Matter.

s/ Gene J. Stonebarger
Gene J. Stonebarger, Esq.
California Bar No. 209461