UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JEREMY SORENSON, an individual, RANDAL REEP, an individual, RANDAL SMITH, an individual, ADAM MCLEAN, an individual, and JAMES DOYLE, an individual, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**DELTA AIRLINES, INC., a Delaware Corporation,**<br><br>**Defendant.** | **Civil Action No. 1:17-cv-00541-ELR** |

**DEFENDANT DELTA AIR LINES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO UNSEAL DOCKET NO. 162 AND OPPOSITION TO PLAINTIFFS SORENSON AND REEP'S MOTIONS TO SEAL DOCKET NOS. 153, 153-1, 153-2, 153-3, 155, 155-1, 155-2, 155-3, 155-4, AND 155-5**

I.    **INTRODUCTION**

The parties in this case have recently filed a number of motions and responses arising out of: (1) the motion filed by Counsel Gene Stonebarger ("Stonebarger") and Charles Billy ("Billy"), purportedly representing Plaintiffs Smith, McLean, and Doyle, seeking to have themselves only be appointed as Rule 23(g) interim class counsel in this putative class action; (2) the opposition to that Rule 23(g) motion filed by Counsel Crystal Matter ("Matter"), purportedly representing Plaintiffs

1

Sorenson and Reep, arguing that, if an interim class counsel is to be appointed, it should be only her or her along with Stonebarger and Billy; and (3) Delta's opposition to the Rule 23(g) motion and its position that none of these three lawyers should be appointed interim class counsel because of their respective misconduct and conflicts of interest.

Delta has the due process right to substantively oppose the competing counsels' efforts to be appointed interim class counsel, and it has filed an opposition to the same.   Nonetheless, by filing redacted papers and/or by filing papers provisionally under seal, Stonebarger, Billy and Matter have improperly sought to have the Court rule on this important issue *ex parte*.  In other words, Plaintiffs' counsel have asked the Court to appoint class counsel without Delta having the opportunity to review all of the evidence they have submitted in support of their respective positions—or to even appear at any hearing on the motion.

For reasons set forth below, the three lawyers' position that this motion should be heard by this Court *ex parte* is legally wrong.  Moreover, independently, all three of these lawyers have failed to meet this Court's specific requirements for filing redacted or under seal documents.  Thus, Delta respectfully submits that these filings should all be unsealed and unredacted.

II.   **STATEMENT OF FACTS**

This putative class action lawsuit was filed in 2017.  (Dkt. 1.)  Discovery closed on January 15, 2022, and, on March 14, 2022, Delta filed a motion for summary judgment to dismiss all of Plaintiffs' claims.  (Dkt. 178.)

On December 9, 2021, Stonebarger and Billy filed a motion seeking to be appointed Rule 23(g) interim class counsel.  (Dkt. 140.)  On February 10, 2022, Matter filed an Opposition to that motion consisting of an opposition brief (Dkt. 153), and declarations from Matter (Dkt. 153-1), Sorenson (Dkt. 153-2), and Reep. (Dkt. 153-3.)  Matter (Delta contends strategically) chose not to file any of these unredacted documents provisionally under seal.

Delta has previously addressed the key points in Matter's opposition brief and the supporting declarations.  (Dkt. 160-1.)  In sum, in her effort to be designated interim class counsel, Matter and her two clients made what may be unprecedented attacks against Stonebarger and Billy, including claiming that they had lied to Sorenson and Reep and had engaged in unethical conduct.  Moreover, Matter went so far as to have her clients waive their respective attorney-client privileges solely to undermine Stonebarger and Billy's efforts to be interim class counsel, and to promote her own effort to be so.  It can be fairly stated that Matter contends that Stonebarger and Billy cannot adequately represent the putative class and cannot

represent Sorenson and Reep who are named plaintiffs and putative class representatives.

On February 24, 2022, Stonebarger/Billy filed a reply brief in support of their motion (Dkt. 155) and supported that brief with declarations from Stonebarger (Dkt. 155-1), Billy (Dkt. 155-2), Smith (Dkt. 155-3), McLean (Dkt. 155-4), and Doyle (Dkt. 155-5).  Stonebarger/Billy filed a version of these documents not under seal but with certain evidence redacted (and filed unredacted versions under seal).  (Dkt. 155, 156.)  They also filed a motion for permission to file the unredacted versions under seal.  (Dkt. 157.)  With that motion, however, they improperly included a proposed Order granting their motion when such proposed Orders are only to be filed with motions if the motion is by consent, joint, or unopposed.  (Dkt. 157-3; Dkt. 3, p. 4).

In their reply, Stonebarger/Billy make their own very serious attacks on Matter, including that she made misrepresentations in her declaration testimony and took other wrongful actions that prevent her from being able to be adequate interim class counsel.  (Dkt. 155.)[1]  Stonebarger/Billy also had their clients waive their attorney-client privilege in their Declarations.  (Dkt. 155-3, 155-4, 155-5).

---

[1] Delta has previously addressed these filings (but without knowledge of the redacted sections) in its opposition to the Rule 23(g) motion.  (Dkt. 160.)

On March 7, 2022, Matter sought leave to file a sur-reply in her opposition to Stonebarger/Billy's Rule 23(g) motion and attached her proffered sur-reply brief along with an Exhibit and a Declaration from her.  (Dkt. 161, 161-1).  On March 7, Matter also filed the sur-reply and the three supporting declarations under seal.  (Dkt. 162.)  She filed a motion seeking permission to do so, but she also improperly included a proposed Order when she knew that the motion was not a consent or unopposed motion.  (Dkt. 161, 161-3.)  Presumably because of Matter's improper filing of the proposed order, the Court granted Matter's motion to seal on March 7. (Dkt. 166.)

Finally, on March 7, Matter filed: (1) a motion to have her February 10 opposition filings sealed (when she had strategically chosen to file them unsealed almost a month earlier) (Dkt. 164); and (2) a motion to have Stonebarger/Billy's February 24 filings sealed (Dkt. 165).  She once again violated this Court's Order by filing a proposed order with these motions.  (Dkt. 164-2, 165-2).  However, presumably because it realizes these motions are not unopposed, the Court has not yet ruled on them.

For reasons set forth below, Delta hereby moves to unseal Dkt. 162 and opposes Matter's motion to seal her February 10 opposition papers and Stonebarger/Billy's February 24 reply papers.

III.    **ARGUMENT AND CITATION OF AUTHORITY**

Matter's positions opposed herein are legally wrong for two independent reasons.

<u>First</u>, she (like Stonebarger/Billy in their motion to seal) improperly seeks to have this Court rule on the Rule 23(g) motion and her effective countermotion *ex parte* without allowing Delta the opportunity to review all of the evidence submitted and to fully participate in the briefing and in any hearing on this issue.

<u>Second</u>, and independently, her three motions to seal fail to meet the requirements in this Court for seeking to have filings placed under seal.

A.    **Matter Seeks To Have The Court Rule *Ex Parte* On The Rule 23(g) Motion.**

Matter contends that Delta should not have access to the briefing and declarations connected with the competing Rule 23(g) motions because Delta's ability to review the positions and evidence of the respective warring sides "could be prejudicial to Plaintiffs and the putative Class." (Dkt. 163-1, p. 7; Dkt. 164-1, p. 8; 165-1, p. 8.)  Stated another way, Matter asserts that, if Delta is given full opportunity review and cite to the evidence that she believes is material to her position on the Rule 23(g) motion, Delta's opposition to that motion and its position that none of the three lawyers can adequately represent the class might prevail.  That is simply an effort to deprive Delta of its due process rights with regard to an important issue in this case.

6

In Plaintiffs' operative Second Amended Complaint, they contend that this case should be certified as a class action under Fed. R. Civ. P. 23. (Dkt. 84, ¶¶ 98-109.) As a necessary central allegation for a claim that a class can be certified under Rule 23, Plaintiffs allege that they have adequate counsel to be named as class counsel. (Dkt. 84, 105). In its Answer, Delta denied this allegation. (Dkt. 102, ¶ 105.) The only possible class counsel in this case are Stonebarger/Billy and Matter, and they have filed competing motions seeking to be named as interim class counsel under Rule 23(g).

"Among the prerequisites to the maintenance of a class action is the requirement of Rule 23(a)(4) that the class representatives 'will fairly and adequately represent the class.'" London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1253 (11th F.3d 2003) (quoting Lyons v. Georgia-Pacific Corp., Salaried Employees Ret. Plan, 221 F.3d 1235, 1253 (11th Cir. 2000)). "The Supreme Court has noted that this requirement applies both to the named plaintiff and counsel." Id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997)). This continuing adequacy standard "requires that a court undertake a stringent and continuing examination" and to do so "at all stages of the litigation …." Schroder v. Suburban Coastal, Corp., 729 F.2d 1371, 1374 (11th Cir. 1984).

The Rule 23(g)(4) requirement that class counsel must fairly and adequately represent the putative class is "aimed at ensuring the rights of absent class members

are vigorously protected." W. Morgan-E. Lawrence Water & Sewer Authy. v. 3M Co., 737 Fed. Appx. 457, 464 (11th Cir. 2018).   This adequate representation requirement "'lies at the heart' of the rationale supporting class actions." Marcus Corp., v. American Express Co., 2015 U.S. Dist. LEXIS 102714, at * 49 (E.D.N.Y. Aug. 4, 2015) (citations omitted).   Because class counsel seeks to determine the rights of absent putative class members, "a court must carefully scrutinize the adequacy of representation" requirement.   Id. at ** 49-50 (citations omitted).

"[P]utative class counsel owe fiduciary duties to the class as a whole." Richardson v. Progressive Am. Ins. Co., 2022 U.S. Dist. LEXIS 8783, at * 40 (N.D. Fla. Jan. 18, 2022) (citing Med. & Chiropractic Clinic, Inc. v. Oppenheim, 981 F.3d 983, 990 (11th Cir. 2020)).   "Class counsel must act with unwavering and complete loyalty to the class members they represent, and the 'responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.'" Ruderman v. Wash. National Ins. Co., 263 F.R.D. 670, 684 (S.D. Fla. 2010) (citations omitted).

"In determining whether proposed class counsel is adequate, the Court may consider the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class." Marcus Corp., 2015 U.S. Dist. LEXIS 102714, at * 50 (internal citation and quotation marks omitted).   "Indeed, class counsel's integrity, loyalty, and adequacy generally are perhaps even more important

8

than the adequacy of class plaintiffs, as '[e]xperience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions.'"  Id. (quoting Greenfield v. Villager Indus., Inc., 483 F.2d 824, 832 (3rd Cir. 1973)).  "When class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class." Creative Montessori Learning Centers v. Ashford Learning Gear LLC, 662 F.3d 913, 918 (7th Cir. 2011).

Where the counsel seeking to be named as class counsel make misrepresentations to the court, those misrepresentations alone create "serious reservations" as to whether the counsel can be adequate class counsel.  Askew v. S. Pan Seop, 2019 U.S. Dist. LEIXS 238959, at * 31 (N.D. Ga. June 27, 2019).  "Class attorneys serve 'in something of a position of public trust.'"  Id. (quoting Piambino v. Bailey, 757 F.2d 1112, 1114 (11th Cir. 1985)).  Thus, conduct such as making misrepresentations to the Court may show that counsel seeking to be class counsel are "unworthy of the class they wish to represent."  Askew, at * 31.

Here, Delta has the due process right to oppose the Rule 23(g) motion and, based on the facts and controlling law set forth above, contend that none of the three lawyers can adequately represent the class based on their respective misconduct.  A defendant has a substantial interest in—and a full right to oppose—a Rule 23 motion to certify a class or a Rule 23(g) motion to appoint interim class counsel.  See e.g.,

Doe v. Coll. Bd. & Educ. Testing Serv., 2019 U.S. Dist. LEXIS 238171, at *3 (M.D. Fla. Apr. 26, 2019) (denying Rule 23(g) Motion based on defendant's objections); Burrow v. Forjas Taurus S.A., 2018 U.S. Dist. LEXIS 21593, at *23 (S.D. Fla. Feb. 9, 2018) (same); Lawson v. Life of the S. Ins. Co., 2009 U.S. Dist. LEXIS 144953, at *7 (M.D. Ga. Sep. 30, 2009) (same).

If Delta's position on the pending motion prevails, then a class cannot be certified because there is no adequate class counsel.  Yet it is Matter's (and Stonebarger/Billy's) position that Delta should not have access to all of the relevant evidence filed in this case—evidence she claims is the "heart of the matter" of her position on the adequacy requirement— in order to oppose the motion.

In other words, Matter effectively asks the Court to disallow Delta from opposing the central adequacy requirement of Plaintiffs' claim that a class should be certified in this case.  Such an outcome would clearly deprive Delta of its due process rights in this case.  "The right to due process includes the right to 'be aware of and refute' evidence presented by opposing party."  Dish Network L.L.C., 2014 U.S. Dist. LEIXS 140296 * 10 (M.D. Fla. Oct. 2, 2014) (quoting Vining v. Runyon, 99 F.3d 1056, 1057 (11th Cir. 1996).  While Delta addresses the public access of the currently sealed filings in this case below, Matter does not and cannot cite to any authority that Delta can be deprived of the sealed and redacted evidence, and that the Court can rule on the Rule 23 adequacy requirement in this case *ex parte*.

Thus, Delta respectfully requests that it be permitted full access to all of the filings in question, an opportunity to fully state its position in a post-unsealing supplemental brief, and the ability to fully participate in any hearing on this motion.

### B. Matter's Motions To Seal Did Not And Could Not Comply With The Local Rules Applicable To Such Motions.

#### 1. Local Rules Requirements For A Motion To File Under Seal.

The Local Rules, in Appendix H(J), set forth specific provisions and requirements for parties moving to file any document or portion thereof on Pacer under seal.[2]  Parties in this Court are expected to "carefully review" and "adhere closely" to these requirements for any motion to file under seal.  Weinberg v. Piedmont College, 2019 U.S. Dist. LEXIS 238635 * 3 (N.D. Ga. Dec. 4, 2019). These requirements are grounded in "mandates of the Eleventh Circuit" that state that the Court "believes strongly in the common-law right of access to judicial proceedings as an 'essential components of our system of justice[,]' which can be overcome only by a showing of good cause."  Id. at ** 2-3 (quoting Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).  Thus, a court can decline to grant a motion to file under seal if the moving party does not strictly adhere to these mandates.  See Collins-Williams v. Contour Eastwyck, LLC, 2021 U.S. Dist. LEXIS 115737 (N.D. Ga. Jan. 21, 2021).

---

[2] The most current version of these mandates is set forth as Exhibit "A" of the Court's Standing Order 19-01 issued on April 15, 2019.

Under these Rules, "[d]ocuments filed in the court are presumptively public, and counsel are expected to exercise appropriate discretion in requesting sealing for any filing." App H(J)(1). "Counsel generally should not request sealing of an entire filing but only those portions of the filing for which there is legal authority to seal, including but not limited to scientific formulas, confidential pricing calculations, trade secrets, and sensitive security data." Id. The party "moving to file a document under seal shall bear the burden of good cause or sealing." Id.

In a supporting brief to a motion to file under seal, the moving party must:

(i) identify, with specificity, the documents(s) or portion(s) thereof for which sealing is requested; (ii) explain (for each document or group of documents) the reasons sealing is necessary; (iii) explain (for each document or group of documents) why less drastic alternatives than sealing will not provide adequate protection; and (iv) address the factors governing sealing of documents reflected in controlling case law. *See e.g., Romero v. Drummond Co.,* 480 F.3d 1234, 1245-48 (11th Cir. 2007).

Local Rules, App. H(J)(2)(d).

## 2. <u>Matter's Motions Did Not And Could Not Meet Any Of The Four Local Rules, App. H(J)(2)(d) Requirements For Filing Under Seal.</u>

Matter's brief in support of her three motions to file under seal did not and could not meet any of the Local Rule's four requirements.

<u>First</u>, Matter did not identify with specificity what statements in the filings warranted sealing under the law. In order for the parties and for the Court to assess the bases for her motion to file under seal, it was necessary for Matter to specify

12

what portions of the documents could be filed under seal under the law, and she did not do so.  See Collins-Williams, 2021 U.S. Dist. LEXIS 115737, at * 2-5 (seeking to file entire brief and declaration under seal not sufficiently specific under App. H(d)(2)(4) requirements).

Second, she did not sufficiently explain the reasons why it is necessary to seal any portion (let alone all of) of the filings under the law.  She first summarily suggests that these documents might contain "confidential information," (Dkt. 163-1, p. 4)[3] but she does not identify any such information or explain why it is confidential.  She also does not assert that any of these documents contain any of the types of confidential information referenced in the Local Rules (i.e., "scientific formulas, confidential pricing calculations, trade secrets, and sensitive security data").

Matter next states that the filings "may" contain information that is subject to the attorney-client privilege and/or work product doctrine.  (Dkt. 163-1, p. 4).  Once again, however, she fails to identify any such information or state why it "may" be subject to those privileges.

Most importantly, when Matter filed her motion to file under seal, she was already aware that Delta had correctly asserted than any such privileges had been

---

[3] Matter's briefs supporting her three motions to seal are virtually identical and Delta here cites to her first motion to seal.

waived.  (See Delta's proffered opposition to motion to appoint interim class counsel at Dkt. 160-1, p. 10).  She notably failed to address the waiver of these privileges in her motion.

Matter contends that, in publicly filing her response and her and her clients' declarations, she "was careful not to reveal attorney-client information." (Dkt. 164-1, p. 3.)  Nothing could be further from the truth.  The Declarations she obtained from and filed for Sorenson and Reep consist largely of their testimony about their respective communications with Stonebarger, Billy, and Matter.  (Dkt. 153-2, 153-3.)

Matter effectively admits that her public filings included attorney-client communications but contends that "such disclosure was made pursuant to a limited scope waiver only as to circumstances surrounding Mr. Stonebarger's termination and Movants' counsel's misconduct after his termination." (Dkt. 161-4, p. 3).[4]  Importantly, however, there is no such "limited scope waiver."[5]  "Once a party waives the attorney-client privilege as to a communication, the waiver generally

---

[4] This assertion by Matter is not true.  The waived privileged communications were not limited to attacks on Stonebarger; they also concerned other topics, including repeated testimony about Billy and his communications with Sorenson and Reep. (Dkt. 153-2, ¶¶ 7, 9, 10, 11, 13, 14, 15; 153-3, ¶¶ 7, 9, 11, 12).

[5] Similarly, "[d]isclosure of work product materials (and there is no evidence that any work product is included in the filings at issue) to an adversary waives the work product privilege." Doe v. United States, 749 F.3d 999, 1008 (11th Cir. 2014).

'extends to *all other communications relating to the subject matter.*'" <u>Mohawk</u>, at * 19 (<u>quoting</u> <u>BellSouth Advertising & Publishing Co.</u>, 1992 U.S. Dist. LEXIS 17679, at * 25 (N.D. Ga. Sept. 9, 1992) (emphasis added)).   Thus, a party having disclosed privileged communications cannot later narrow the scope of that waiver. <u>See</u> <u>Gurzi v. Penn Credit</u>, 2020 U.S. Dist. LEXIS 192549, at ** 4-7 (M.D. Fla. June 16, 2020) (rejecting argument that prior waiver of attorney-client privilege was only for certain purposes).   Here, as the disclosed attorney-client communications between the named Plaintiffs and their counsel presumably relate to the same subject matter as the filings that Matter seeks to have filed under seal, the waiver prevents any such effort.

<u>Third</u>, Matter's briefs supporting her motions to seal these filings do not explain why there is no less drastic alternative than sealing the entire filings.   Here, she simply repeats her summary suggestions of confidential information and possible privileges, but she does not explain why any such information warrants the sealing of the entire set of filings.[6]

---

[6] <u>See</u> <u>e.g.</u> <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 236 F.3d 1304, 1313 (11th Cir. 2001) (finding that the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records); <u>Centauri Shipping Ltd v. W. Bulk Carriers KS</u>, 528 F. Supp. 2d 197, 205-206 (S.D.N.Y. 2007) (finding that counsel's effort to file under seal to avoid negative publicity and possible risk to his law firm's business was not a sufficient competing consideration which may weigh against applying the presumption of public access to court filings); <u>Shetty v. SG Blocks, Inc.</u>, 2021 U.S. Dist. LEIXS 206465 * 9 (E.D.N.Y. Oct. 26,

Fourth, Matter's brief does not sufficiently address the six factors to consider in this Circuit when considering a motion to file under seal set forth in Romero v. Drummond Co., 480 F.3d 1234, 1245-48 (11th Cir. 2007).  Each of those factors is addressed below.

> a. Whether allowing access would impair court functions or harm legitimate privacy interests.

Matter does not address this factor in her brief.  Allowing access of the filings at issue would not impair any court function.  It also would not harm any legitimate privacy interests.  Moreover, any such interests were voluntarily waived by all three counsel and all five Plaintiffs in this case with their previous filings.

> b. The degree of and likelihood of injury if made public.

Matter also does not address this factor.  As set forth above, the potential that Matter's misconduct might understandably be looked upon negatively by the public is not a basis for having the documents filed under seal.  Indeed, aside from the public's generally recognized interest in having access to court proceedings, members of the public seeking to have Matter, Stonebarger, and/or Billy represent them individually or as class counsel would have a particular interest in having access to the filings due to the potential impact of the present misconduct in future proceedings.  See Chen v. Hunan Manor Enter., 2021 U.S. Dist. LEXIS 105396, at

---

2021)("[T]he fact that a member of the public could draw the incorrect conclusion about a party is not grounds for sealing a document.").

*10-*23 (S.D.N.Y. June 4, 2021) (denying motion for class certification based on inadequacy of class counsel due to pattern of misconduct in prior and instant litigation); Auscape Int'l v. Nat'l Geographic Soc'y, 2003 U.S. Dist. LEXIS 27663, at *29 (S.D.N.Y. July 25, 2003) (finding that counsel were inadequate representatives where they had "been repeatedly criticized extensively for their behavior in other actions"); see also Powell v. Carey Int'l, Inc., 2006 WL 4562105, at *5 (S.D. Fla. Mar. 27, 2006) (applying Rule 23 adequacy to collective action and declining to conditionally certify based, in part, on counsel's misconduct in prior case). This provides an independent (and critical) reason to have the complete materials available to both Delta and the broader public.

      c.  <u>Whether there will be an opportunity to respond to the information.</u>

Matter also does not address this factor. Both Plaintiffs' and their lawyers have an opportunity to respond to the contents of the filed documents and will likely do so.

      d.  <u>Whether the information concerns public officials or public concerns.</u>

Matter asserts that these documents do "not have any impact on the public or public officials." (Dkt. 163-1, p. 6). However, Matter (as well as Stonebarger and Billy) are officers of this Court (admitted *pro hac vice*) and members of the Bar. The respective filings of Matter and Stonebarger/Billy indicate that all three lawyers have made material misrepresentations that might warrant sanctions, and thus the

filings do impact lawyers with a public role in this Court. In addition, as stated above, the public certainly has an interest in these three attorneys' (mis)conduct when determining whether to engage them for future matters, including class matters.

e.  The availability of a less onerous alternative to sealing the documents.

Once again, Matter does not explain how, even with her impermissibly vague assertions, why there could be any justification for the entire set of documents that consist of Dkt. 162 to be sealed.

Finally, the cases cited by Matter do not support her motion as they are easily distinguished from this case. To start, in Baines v. City Atlanta, 2020 U.S. Dist. LEXIS 256085 (N.D. Ga. Sept. 23, 2020), the plaintiff sought to file a deposition under seal because the entire deposition dealt with his medical health treatment that the court understandably considered to involve a "a strong privacy interest" in medical information. Id. at ** 4-6. Matter does not allege that there is any confidential medical information in these filings. And, unlike here, there was no evidence of a waiver by the plaintiff in Baines. Moreover, in allowing the deposition to be filed under seal, the court applied the lower interest of public access to discovery materials, rather than the higher interest of public access to substantive pretrial motions (such as the Rule 23(g) motion here). Id. at * 3. The documents at

issue in this case are not discovery materials but documents created for purposes of the substantive Rule 23(g) motion.

Second, in <u>Souffrant v. Toyota, Motor Sales, U.S.A, Inc</u>., 2017 U.S. Dist. LEXIS 189698 (S.D. Fla. Nov. 16, 2017), the plaintiff filed as an exhibit to his complaint documents regarding communications between high-level officials employed by the defendant corporation and defendant's counsel. The defendant corporation successfully moved to have those documents covered by the attorney-client privilege. This case is the reverse. Delta did not unilaterally file documents covered by any privilege between Plaintiffs and their counsel. Instead, the Plaintiffs and their counsel strategically and unilaterally chose to file such communications for their own strategic advantage in a fight that appears to be solely over potential fees as opposed to the interests of their clients and the putative class. The <u>Souffrant</u> court would have denied Matter's motion to file under seal.

Third, in <u>United States ex re Baklid-Kunz v. Halifax Hosp</u>., 2013 U.S. Dist. LEXIS 43524 (M.D. Fla. March 27, 2013), the defendant moved to file under seal portions of deposition transcripts in which individuals testified about communications that were protected by the attorney-client privilege held by the corporate defendant. The court held that the lower standard applicable only to discovery materials (that again does not apply here) would apply. <u>Id</u>. at * 6. The court did not grant the motion, and stated it would review the transcripts to determine

if it included privileged communications.  Id. at * 7-8.  That decision has no applicability here.

Finally, in Valdes v. Miami-Dade County, 2015 U.S. Dist. LEIXS 21771 (S.D. Fla. Feb. 24, 2015), the issue involved a motion to disqualify a counsel on conflict-of-interest grounds.  The court denied the motion and held that the parties at issue had lawfully consented to have their counsel represent them with full knowledge of the conflict.  There was no motion to seal in that case.  While a party filed certain letters under seal, the court set forth in the public decision the only material part of those letters – that the parties were aware of potential conflicts when they retained their counsel.  Once again, this case has no applicability here.[7]

Accordingly, Matter's motions to file under seal failed to comply with the applicable Local Rules, and controlling law establishes that she could not comply with those requirements.  She also could not cite to a single, applicable case that supports her motions.  Delta respectfully submits that, under controlling law, all of these documents should be filed unredacted and not under seal.

---

[7] Matter's brief includes an incomplete citation to Swidler & Berlin v. United States, 524 U.S. 399, 401 (1998), but does not explain what point that case purportedly supports.  That case simply addressed the issue of whether an individual's attorney-client privilege survived his death and did not involve a privilege waiver—a crucial fact in this case.

Respectfully submitted,

s/Thomas J. Munger
Georgia Bar No. 683850

s/Benjamin A. Stone
Georgia Bar No. 529609

MUNGER & STONE, LLP
999 Peachtree Street, NE, Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0829
E-mail:  tom.munger@mungerandstone.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Local Rules for the United States District

Court for the Northern District of Georgia, I hereby certify that the foregoing has

been prepared in Times New Roman, 14-point font, as permitted by Local Rule

5.1B

Respectfully submitted,

<u>s/Benjamin A. Stone</u>
Georgia Bar No. 683850

MUNGER & STONE, LLP
999 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0829
Facsimile: (404) 815-4687
E-mail:  tom.munger@mungerandstone.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JEREMY SORENSON, an individual, RANDAL REEP, an individual, RANDAL SMITH, an individual, ADAM MCLEAN, an individual, and JAMES DOYLE, an individual, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**DELTA AIRLINES, INC., a Delaware Corporation,**<br><br>**Defendant.** | **Civil Action No. 1:17-cv-00541-ELR** |

## CERTIFICATE OF SERVICE

This is to certify that I have this 21st day of March, 2022 filed the foregoing

**DEFENDANT DELTA AIR LINES, INC.'S BRIEF IN SUPPORT OF ITS**

**MOTION TO UNSEAL DOCKET NO. 162 AND OPPOSITION TO**

**PLAINTIFFS SORENSON AND REEP'S MOTIONS TO SEAL DOCKET**

**NOS. 153, 153-1, 153-2, 153-3, 155, 155-1, 155-2, 155-3, 155-4, 155-5** with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to Plaintiffs' Counsel of record.

s/Benjamin A. Stone
Georgia Bar No. 683850

23