UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JEREMY SORENSON, an individual, RANDAL REEP, an individual, RANDAL SMITH, an individual, ADAM MCLEAN, an individual, and JAMES DOYLE, an individual, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**DELTA AIR LINES, INC., a Delaware Corporation,**<br><br>**Defendant.** | **Civil Action No. 1:17-cv-00541-ELR** |

## DEFENDANT DELTA AIR LINES, INC.'S IDENTIFICATION OF EXPERT WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Pursuant to Federal Rules of Civil Procedure 26(a)(2), and the Court's Order

Amending and Extending Expert Witness Disclosures [Dkt. No. 131], Defendant

Delta Air Lines, Inc. hereby identifies the following witnesses that it may use to

present expert testimony in this matter:

Robert B. Speakman, Jr., Ph.D.
Secretariat Economists
Suite 1100
2121 K Street, NW
Washington, D.C. 20037
(202) 833-5264

Imagine Reporting
855.777.7865

Robert Speakman

Exhibit__2
Date_01.06.22

2.1

Dr. Speakman's hourly rate is $615/hr.  Dr. Speakman is expected to testify on subject matters relating to the reasonable certainty of pilot pay for Plaintiffs and for other Delta Air Lines pilots who were members of the United States Armed Services or National Guard, as well as the average duration of military leaves as compared to certain other leaves and absences taken by Delta pilots, and the additional matters set forth in the attached report.

A true and correct copy of Dr. Speakman's report is attached hereto as Exhibit A.

s/ Thomas J. Munger
Thomas J. Munger
Georgia Bar No. 529609


s/ Benjamin A. Stone
Benjamin A. Stone
Georgia Bar No. 683850

MUNGER & STONE LLP
999 Peachtree Street, NE
Suite 2850
Atlanta, GA 30309
Tel: (404) 815-1884
Fax: (404) 815-4687
ben.stone@mungerandstone.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JEREMY SORENSON, an individual, RANDAL REEP, an individual, RANDAL SMITH, an individual, ADAM MCLEAN, an individual, and JAMES DOYLE, an individual, on behalf of themselves and all others similarly situated,**<br><br>   **Plaintiffs,**<br><br>**vs.**<br><br>**DELTA AIR LINES, INC., a Delaware Corporation,**<br><br>   **Defendant.** | **Civil Action No. 1:17-cv-00541-ELR** |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 8th day of November, 2021 served

DEFENDANT DELTA AIR LINES, INC.'S IDENTIFICATION OF EXPERT

WITNESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 on

counsel for Plaintiffs set forth below, by electronic mail:

A. Joseph Coomes, Esq.
MCCONNELL & SNEED, LLC
990 Hammond Drive, Suite 840
Atlanta, GA 30328
ajc@mcconnellsneed.com

Charles M. Billy, Esq.
LAW OFFICES OF CHARLES M.
BILLY, P.C.
22706 Aspan Street, Suite 305
Lake Forest, CA 92630
cbilly@cmblawcorp.com

2.3

Gene Stonebarger, Esq. and
Crystal Matter, Esq.
STONEBARGER LAW, P.C.
75 Iron Point Circle, Suite 145
Folsom, CA 95630
gstonebarger@stonebargerlaw.com;
cmatter@stonebargerlaw.com


s/ Benjamin A. Stone
Georgia Bar No. 683850

2.4

# EXHIBIT A

**The Expert Report of Robert B. Speakman, Jr., Ph.D.**

**In the Matter of**

**JEREMY SORENSON, RANDAL REEP, RANDAL SMITH, ADAM MCLEAN, and JAMES DOYLE, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

**v.**

**DELTA AIR LINES, INC., a Delaware Corporation,**

**Defendant**

**In UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

**CASE NO. 1:17-cv-00541-ELR**

_____

**Robert B. Speakman, Jr., Ph.D.**

**November 8, 2021**

2.6

## I.      Qualifications

I am a Managing Director at Secretariat Economists, an economics consulting firm in the fields of law and economics, public policy, and business strategy.  A copy of my resume is included in **Attachment 1**.  I hold a bachelor's degree in Economics from Brigham Young University and a Ph.D. in Economics from Texas A&M University.  My fields of emphasis are labor economics and econometrics.  Econometrics is the application of statistical techniques to economic research. Since beginning my economics consulting career in 1992, I have performed statistical analyses of claims related to employment practices, including claims of gender, race, and age discrimination. I have also served as an expert and as a consultant in numerous wage and hour cases involving allegations of minimum wage violations, FLSA misclassification, uncompensated time worked, meal period and rest break violations, and other payroll practices allegedly in violation of federal and state laws.  I have testified in deposition, arbitration, and at trial (See **Attachment 2**).  My standard hourly rate at Economists Incorporated is $615.

Documents and data relied upon are listed in **Attachment 3**.

My calculations and opinions are based upon the data and information available to me at this time. I reserve the right to refine, revise, update, supplement, or amend my calculations should additional information become available to me.

## II.      Claims, Assignment, Data, and Conclusions

The five Named Plaintiffs – Jeremy Sorenson, Randal Reep, Randal Smith, Adam McLean, and James Doyle – allege that Delta Air Lines, Inc. (DAL) discriminated against them and denied them benefits due to their service in the United States Armed Services or the National Guard in violation of the Uniformed Services Employment and Reemployment Act of 1994 (USERRA).[1]   In

---

[1] Second Amended Class Action Complaint ("Complaint"), ¶ 1.

particular, and among other things, the Plaintiffs allege that "DAL's failure to provide vacation accrual to pilots on military leave violates USERRA" and that "DAL's failure to accurately make pension contributions to pilots on military leave violates USERRA … ."[2]

They seek to represent a class of "all pilots who are or were employed by DAL, and were or are members of the United States Armed Services or National Guard, who took military leave from April 16, 1998 to the present."[3]  I have been asked to review data for the period from April 1, 2007 to October 31, 2020, which is when the data provided to me ends.

### A. Average Leave Duration

I have been provided data that documents leaves of absence ("Leave Data").  This data identifies the type of leave and can be used to determine the duration of any particular leave for any DAL pilot occurring between January 1, 2007 and October 31, 2020.[4]  For example, the data documents that Jeremy Sorenson took a military leave from April 8, 2016 to September 30, 2016.  The data also documents other types of leaves, such as sick leave (leave type "SICK") and jury duty leave (leave type "JURY" or "PJRY").[5]

---

[2] Complaint, ¶ 102.  See also ¶¶ 110-142.

[3] Complaint, ¶ 98.

[4] For leaves that start before January 1, 2007 and continue into 2007, the data documents the actual start date of the leave.

[5] The leaves data came in two files – one for military leaves and one for all other leaves.  It was also organized by pilot and bid period, which is approximately a year and month combination, such as January 2017.  Thus, leaves that spanned more than one month would appear multiple times in the data with the same start and end date.  I have organized the data to not double count (or triple count, etc.) these longer leaves.  Moreover, some leaves (of the same type) are documented as single-day entries on consecutive days with a start date and no end date.  I combined these entries to form a continuous leave.  For example, the data might show a sick leave starting on January 1 (with no end date), another entry on January 2, and another entry on January 3rd.  I combined these to form a single leave of three days from January 1st to January 3rd.  Leaves that are ongoing at the end of the data (October 31, 2020) are "censored" (or cutoff) and I treated them as ending on November 1, 2020 in my calculations.

I have been asked to compare the average length of military leaves to the average length of sick leaves and jury duty leaves.

**Conclusion 1:**

- Between April 1, 2007 and October 31, 2020, the average military leave was 20.28 days.

- Between April 1, 2007 and October 31, 2020, the average sick leave was 3.98 days.

- Between April 1, 2007 and October 31, 2020, the average jury duty leave was 2.53 days.

- The average military leave was more than five times as long as the average sick leave and more than eight times as long as the average jury duty leave.

### B. Variation in Total Pay Hours

I have also been provided Pay and Hours Data that documents the monthly values of total pay hours, pay rate, equipment, position, pension contribution percent, and pensionable earnings for each pilot serving in the military reserve.[6]  I understand that the pay rate times total pay hours is the primary component of a pilot's monthly pay and of their pensionable earnings.  I used the Leave Data to identify the number of military leave days and the number of personal leave days (leave type "PLA" or "PLOA") in each bid period for each pilot and then combined that information with the Pay and Hours Data.  A bid period is typically a year and month combination, e.g., November 2017.[7]  I use the terms bid period and month interchangeably in this report.

I also combined the monthly "average line value" (ALV), which varies by equipment, position, and bid period, with the Pay and Hours Data.[8]  The ALV is "a number of hours established by the

---

[6] The file includes additional fields, but these are the ones that are relevant to my calculation.

[7] See Pilot Working Agreement, Section 2.A.33.

[8] For bid periods with no specific equipment associated with a pilot in the data, such as months in which the pilot is on leave for the entire month, I used the last known equipment for that pilot to match an ALV in that bid period.

Company that is the projected average of all regular line values, for a position, for a bid period, and is" between 71 and 85 hours depending on type of aircraft.[9]  I removed months in which a pilot had any military leave days or personal leave days at any time during the month from my calculations of the variation in total pay hours described in this section.[10]

I have been asked to examine the variability of total pay hours, which is the primary driver of pilots' pay (along with the pay rate).  I have reviewed the regulation regarding compensation-based pension contributions while service members are on military leave, which calculations depends upon whether their rate of pay is reasonably certain.[11]  I understand per the U.S. Department of Labor's "Vets USERRA Fact Sheet #1" ("Fact Sheet #1"), which describes employer pension obligations under USERRA, that the proper method of determining "deemed income" (or what the "service member would have received but for the military-related absence") for purposes of employer pension contributions depends upon whether pay is "reasonably certain."[12]

> If the service member's rate of compensation cannot be determined with reasonable certainty because, for example, the service member consistently works variable hours or earns variable rates of pay under a commission scheme, the employer is required to look at the average rate of compensation the service member received during the preceding twelve months (referred to as the "12-month look-back").[13]

---

[9] Delta Pilot Working Agreement, Section 2.29.

[10] In some instances, a pilot's pay and hours records start with one or more bid periods that document no ("0") total pay hours.  Many of these months appear to be training months or they may have other reasons for not recording any total pay hours.  I removed these leading bid period "zeros" from my calculations.  Moreover, sometimes a pilot's pay and hours records will end with one or more bid periods that document no total pay hours, which may occur because a pilot is inactive or for some other reason.  I removed trailing (or terminal) bid period "zeros" from my calculations.

[11] 20 CFR § 1002.267.

[12] Fact Sheet #1, ¶ 8.

[13] Fact Sheet #1, ¶ 8.

The Fact Sheet walks though several examples that the DOL has determined are either "reasonably certain" or "not reasonably certain."  One of their examples, which appears to be relevant to DAL's military reserve pilots, follows.

> Example D. The service member, who receives pension contributions based on a percentage of compensation earned, is scheduled to work 40 hours a week. After only six weeks at the place of employment, the service member is absent for one week as a result of military service. For the first six weeks of employment, the service member worked for **30 hours, 44 hours, 20 hours, 24 hours, 50 hours, and 40 hours**, respectively. How should pension contributions be calculated for the one-week absence?
>
> - The **service member's hours** during the six weeks of employment prior to military-related absence **have been variable**, therefore, her rate of pay has been variable. To determine her pension contributions, the amount of hours should be averaged, as the hours she would have worked, and thus **the amount of compensation she would have earned if not for her military-related absence, are not reasonably certain.**
>
> - After reemployment, the pension contributions should be calculated based upon 35.6 hours – the average number of hours worked prior to the one-week absence.[14],[15]  [Emphasis added]

DAL's pilots receive a pension contribution that is a percentage of pensionable earnings, which earnings frequently vary from month-to-month depending upon a pilot's total pay hours.  The scenario in the DOL's Example D is exactly the one faced by DAL's military reserve pilots – hours vary substantially from month-to-month and pension contributions are a fixed percentage of pensionable earnings.  As stated below, DAL's military reserve pilots' total pay hours are about twice as varied, or twice as uncertain, as the hours in the DOL's example.  And, for the five Named

---

[14] Fact Sheet #1, ¶ 10, Example D.

[15] The average number of hours in the example is 34.7 and the "35.6" appears to be a typographical error in the Fact Sheet.

5

Plaintiffs, total pay hours are more than twice as varied, or twice as uncertain, as the hours in the DOL's example.

**Conclusion 2:**

- The standard deviation of the weekly hours described in Example D of the DOL's Fact Sheet #1 is 11.8 hours. The standard deviation is a measure of statistical variation (or dispersion or uncertainty) of a set of values.  Or, in much simpler terms, it describes how spread out the numbers are.  Larger standard deviation values mean that the hours values contain more variation or are more spread out.  The DOL determined that a standard deviation of 11.8 hours meant that a person's pay was not reasonably certain.

I have been asked to compute the standard deviation of total pay hours in the Pay and Hours Data described above for all DAL reserve pilots and then for the Named Plaintiffs.

**Conclusion 3:**

- The standard deviation of monthly total pay hours for all military reserve pilots is 23.0 hours when months with any military leave are excluded from the calculations.[16,17]  This is nearly double, or twice as varied or uncertain as, the threshold that the DOL determined to be not reasonably certain in their example.
  - A standard deviation of 23 pay hours means that about one-third of all months will have either 23 pay hours more than the average or 23 pay hours less than the average.[18]

---

[16] There are 211,278 monthly total pay hours values in the calculation.

[17] The standard deviation changes very little if I include months with one or fewer military leave days (22.9 hours) or months with three or fewer military leave days (22.8 hours).

[18] The actual probability is 31.73%.

6

- The standard deviation of monthly total pay hours for the Named Plaintiffs is 27.4 hours when months with any military leave are excluded from the calculations.[19],[20]  This is more than double, or twice as varied or uncertain as, the threshold that the DOL determined to be not reasonably certain in their example.  The average monthly total pay hours for the Named Plaintiffs is 65.5 hours.

  - A standard deviation of 27.4 pay hours means that about one-third of all months will have either 27.4 pay hours above the average or 27.4 pay hours below the average.  At an average pay rate of $138 per pay hour, which is the Named Plaintiffs' average pay rate during the months in the calculation, this means that monthly pay would be less than $5,258 or more than $12,820 in one-third of all months.

### C.  Comparison of Twelve-Month Look-Back Pensionable Earnings to Average Line Value (ALV) Pension Contributions During Long-Term Military Leave Months

I understand that effective January 1, 2012, DAL changed its methodology for computing deemed earnings for pilots on long-term military leave.  For military leaves that ended on or after January 1, 2012, DAL utilized a methodology where it credited the pilot with "average line value" (ALV) for each month of long-term military leave rather than using a twelve-month look-back methodology.  DAL has asked me to determine whether, for long-term military leaves that ended on or after January 1, 2012, DAL has made higher pension contributions under the ALV methodology than it would have if it continued to utilize the twelve-month look-back methodology.  In order to compare DAL's ALV methodology that it utilized on and after January

---

[19] There are 121 monthly total pay hours values in the calculation.

[20] The standard deviation changes very little if I include months with one or fewer military leave days (26.8 hours) or months with three or fewer military leave days (26.0 hours).

7

2.13

1, 2012 to the twelve-month look-back methodology, I computed both the ALV amount and the twelve-month look back amount for each period of long-term military leave taken by a DAL military reserve pilot.[21]

**Conclusion 4:**

- Between January 2012 and October 2020, DAL contributed in excess of $11,000,000 more to military reserve pilots' pensions using the ALV methodology than it would have using the twelve-month look-back average of pensionable earnings.

---

[21] I compute the twelve-month look-back deemed earnings amounts using monthly pensionable earnings ("average pensionable earnings"). If average pensionable earnings are $6,059 at the start of the leave, then that is the figure that is applied in each month during that leave. If the pension contribution rate for that year is 15%, then employer-paid pension contributions would be $909 for each month during that leave under the twelve-month look-back methodology. Under the ALV methodology, if the ALV is 84 hours and the pay rate is $139.36, then "deemed earnings" are $11,706, and at a 15% pension contribution rate the employer-paid pension contribution would be $1,756. In this example, the ALV methodology results in $847 more in pension contributions then would be paid using the twelve-month look-back average pensionable earnings methodology.

8

2.14

# Attachment 1



**ROBERT B. SPEAKMAN, JR**

**Office Address**

> Secretariat Economists LLC
> 2121 K Street, NW, Suite 1100
> Washington, DC 20037
> Direct Dial: (202) 833-5264
> speakman.r@ei.com

**Education**

> Ph.D., Economics, Texas A&M University College Station, Texas 2006.
>
> B.A., Brigham Young University Provo, Utah 1990.

**Selected Matters**

> *Consultant, Annual Merit Pay Cycle Review.* Performed recurring annual statistical review of base pay, promotions, ratings, bonus pay, and raises for international consulting firm.
>
> *Expert Witness, California Meal and Rest Period Class.* Reviewed timekeeping, payroll, and scheduling databases to asses incidence rates of late meal periods and unscheduled rest breaks for nonexempt employees of an international computer and mobile device company. Reviewed, replicated, and commented on work of opposing expert.
>
> *Consultant, Pay Equity Studies.* Performed statistical analysis of gender pay differences for a multinational technology company given new pay regulations in some states. Performed 15-20 pay analyses per year, which examine gender and race-based pay differences, for companies across many industries.
>
> *Expert Witness, Age Discrimination Claim.* Performed statistical analysis of layoffs. Replicated, evaluated, and commented on analyses performed by opposing expert.
>
> *Expert Witness, FLSA Misclassification Claim.* Statistically examined differences in cashiering activity across workers using cash register login data for Store Managers and Assistant Store Managers at a grocery store chain in an FLSA misclassification lawsuit.

**Selected Matters (cont.)**

Consultant, OFCCP Audit.  Performed OFCCP-style analyses of pay practices comparing the compensation of men and women and the compensation of whites and minorities among similarly situated employees for over a hundred companies. These analyses are in accordance with the always changing OFCCP compensation guidelines. Also performed analyses of hiring, promotions, and terminations for use in Affirmative Action Plans and performed and extended analyses that have been used at the desk audit stage of OFCCP investigations.

Expert Witness, FLSA Misclassification Claim.  Organized complex payroll and timekeeping data to assess potential damages associated with FLSA misclassification and uncompensated time claim.

Consultant, California Wage & Hour Claim. Combined timecard, payroll, and personnel data to evaluate potential damages and penalties for a California meal period and rest break claim involving a national restaurant chain.

Consultant, Pre-RIF Audit. Analyzed differences in layoff rates between men and women, whites and minorities, and older and younger workers at the time of a mass reduction in force for a national retailer to assess potential risk of future litigation. Produced real-time calculations to facilitate decision-making.

Expert Witness, Wage & Hours. Organized timekeeping, payroll, and task tracking data to examine the incidence rate of missed meal breaks and time worked pre-shift in a class action lawsuit for a company in the grocery industry in the New England region. Task tracking data was used to identify meal breaks and work done pre-shift.

Expert Witness, Race Discrimination. Performed statistical analysis of promotion decisions. Replicated, evaluated and commented on analyses performed by plaintiff's statistical expert.

Consultant, Gender and Race Discrimination. Organized and analyzed complex applicant and hiring databases in response to an allegation of gender and race discrimination by the OFCCP. Prepared analytical data for production to the OFCCP. Incorporated applicant's job histories and job preferences into the analysis.

**Selected Matters (cont.)**

Expert Witness, Race Discrimination. Statistically examined differences in promotion and termination rates between workers of differing races for the transportation division of a municipal government.

Consultant, California Wage & Hour.  Organized timekeeping and payroll databases for a transportation company in a class action lawsuit. Evaluated usage of a meal break auto-deduction system. Organized and summarized data from GPS trackers placed on vehicles to estimate when meal breaks were taken. Computed potential maximum damages due to meal period violations.

Consultant, Statistical Audit. Performed statistical analyses of pay, promotion, and termination for a manufacturing company wanting to assess the outcomes of their decision making processes and their potential risk in a class action litigation. The analyses examined differences in outcomes between men and women, between whites and minorities, and between younger and older workers.

Consultant, FLSA Misclassification. Evaluated company data to compute potential liability across 44 states for a national retailer for settlement purposes.

Expert Witness, Failure-to-Hire Damages. Computed potential damages stemming from a race discrimination claim for a high tech manufacturing company.

Consultant, Contractor Misclassification. Computed potential damages stemming from a claim from contractors that they were employees. The company operates in the financial services industry.  Performed similar calculations for contractors in other industries.

Consultant, Gender Discrimination. Organized job history, payroll, application, and store data. Performed statistical analyses of pay and promotion decisions for a national retailer with a large commissioned workforce in a class action lawsuit.

Consultant, FLSA Misclassification. Examined personnel and computer processes data with over 2,000,000,000 records to determine hours worked by employees of a company in the insurance industry in a California class action lawsuit. This data was used to estimate shift lengths and damages for these workers.

# Attachment 2

**Recent Deposition, Arbitration, and Trial Testimony and Publications**
**Robert B. Speakman, Jr., Ph.D.**
*Expert Witness Experience*

Gilbert Washington Jr., Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Elizabeth Ray.

Gilbert Chibelenga, Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Robert Jenevein.

Robert Nelms, Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Leslie Yates.

Jeffery Hunter, Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Mary Katherine Kennedy.

Charles Gachie, Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Elizabeth Ray. Testified in arbitration on September 10, 2021.

Mike Chitambira, Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Robert Jenevein. Testified in arbitration on July 27, 2021.

Alan Omey, Claimant, v. Uber Technologies, Inc., Respondent. In Arbitration Proceeding Before the Honorable Mary Katherine Kennedy. Deposed on July 7, 2021. Testified in arbitration on July 15, 2021.

Salvador Canava, individually and on behalf of all others similarly situated, Plaintiffs, v. Rail Delivery Services, Incorporated and Greg P. Stefflre, Judi Girard Stefflre, Defendants. In the United States District Court for the Central District of California. Deposed on June 3, 2021. [Case No. 5:19-cv-00401-JGP (KKx)]

Mark Anderson, Plaintiff, vs. Safe Streets USA, LLC, Defendant. In the United States District Court for the Eastern District of California. Deposed on May 11, 2021. [No. 2:18-cv-00323-KJM-GCH]

Office of Federal Contract Compliance Programs, United States Department of Labor, Plaintiff, v. Potomac Abatement, Inc., Defendant. United States Department of Labor, Office of Administrative Law Judges. [Case No. 2016-OFC-00008]

The Baltimore City Lodge No. 3 of the Fraternal Order of Police, Inc. and Kenneth B. Butler and William E. MacDonald and Jonathan S. Glazerman, On behalf of themselves and on behalf of all other similarly situated employees, Plaintiffs, v. Baltimore Police Department, et al., Defendants. In the United States District Court for the District of Maryland, Northern Division. [Civil Action No. 1:16-cv-03309-ELH]

*November 3, 2021*

2.20

Juan Carlos Montoya, on behalf of himself and all others similarly situated, Plaintiffs, vs. CRST Expedited, Inc. and CRST International, Inc., Defendants.  The United States District Court for the District of Massachusetts. Deposed on August 6, 2020 and September 3, 2020.  [Civil Action No. 1:16-cv-10095-PBS]

Brian Heber, Claimant, v. Kellogg Sales Company, Respondents.  In arbitration before JAMS. Testified in arbitration on February 13, 2020.  [JAMS File No. 1425027961]

Keith Rulka, Claimant, v. Kellogg Sales Company, Respondents.  In arbitration before JAMS. Testified in arbitration on February 13, 2020 (joint with Heber v Kellogg).  [JAMS File No. 1425027238]

Yonaldo Paul, on behalf of himself and those similarly situated, Michael McDermott, on behalf of himself and those similarly situated, and Fred Mitchko, on behalf of himself and those similarly situated, Plaintiffs, v. Empire International, LTD d/b/a/ Empire CLS and David Seelinger, Defendants.  Superior Court of New Jersey, Law Division: Hudson County.  [CA Docket No. HUD-L-924-18]

John Portillo, Rafael Suarez, Martin Duran, German Bencosme, Edin Vargas, Luis A. Hernandez, Josue Paz, and Alvaro Casteneda, individually and on behalf of all others similarly situated, Plaintiffs, vs. National Freight, Inc. and NFI Interactive Logistics, Inc., Defendants. The United States District Court for the District of New Jersey.  [Civil Action No. 15-cv-7908-JHR-KMW]

Mark Anderson, Claimant, v. Safe Streets USA, LLC, Respondents.  In arbitration before AAA. Testified in arbitration on November 20, 2019.  [AAA Case No. 01-18-0004-3136]

Various Claimants v. Kellogg Sales Company, Respondents.  In separate arbitrations before JAMS.  Claimants are Amy Spadaro [JAMS File No. 1425027172], Danial Ramseth [JAMS File No. 1425027180], Andrew Lescinsky [JAMS File No. 1425027725], Ralph Alexander [JAMS File No. 1425028047], Philip Gluszak [JAMS File No. 1425027235], Barbara McGinnis [JAMS File No. 1425027178], Lance Turner [JAMS File No. 1425027726], Chad Brooks [JAMS File No. 1425028062], Haniel Santiago [JAMS File No. 1425027173], James C. Keillor [JAMS File No. 1425027171], and Kevin Johnson [JAMS File No. 1425027175].

Rich Mag, Claimant, v. Kellogg Sales Company, Respondents.  In arbitration before JAMS. Testified in arbitration on September 25, 2019.  [JAMS File No. 1425027177].

David Browne, Antonio Caldwell, and Lucretia Hall, On behalf of themselves and all those similarly situated, Plaintiffs, v. P.A.M. Transportation, Inc., Defendant.  The United States District Court for the Eastern District of Arkansas, Fayetteville Division.  Deposed on October 24, 2019.  [Case No. 5:16-cv-05366]

Lisa Shapiro, Plaintiff, v. Federal Home Loan Mortgage Corporation, et. al., Defendants.  The United States District Court for the Eastern District of Virginia (Alexandria Division).  Deposed on July 9, 2019.  [C.A. No. 1:18-cv-00882-LO/JFA]

2

*November 3, 2021*

Anthony Ayala, Plaintiff, v. U.S. Xpress Enterprises, Inc., et al., Defendants.  The United States District Court for the Central District of California.  Deposed on February 11, 2021.  [Case No. 5:15-cv-00137-GW-KK]

Estella F. Hughes, Plaintiff, v. Lincare, Inc.; Lincare Holding, Inc.; Robert Fosdick; and Does 1 through 20, Defendants.  Superior Court of the State of California, County of Monterey. Deposed November 22, 2018.  [Case No. M124764]

Brian Smith, Claimant, v. Kellogg Sales Company, Respondent.  In arbitration before JAMS. [JAMS File No. 1425026098.]

Tracy Corbin, Plaintiff, v. Southwest Airlines Co, Defendant.  The United States District Court for the Southern District of Texas.  [Civil Action No. 4:17-cv-02813]

Christine Frappied, et. al., Plaintiffs, v. Affinity Gaming Black Hawk, LLC, Defendants.  The United States District Court for the District of Colorado.  Deposed on June 14, 2018 and August 9, 2018. [Civil Action No. 17-cv-01294-RM-NYW]

Patricia Thomas, et. al., individually and on behalf of all other similarly situated persons, Plaintiffs, v. Kellogg Company and Kellogg Sales Company, Defendants.  The United States District Court for the Western District of Washington at Tacoma.  Deposed on December 13, 2017.  [Civil Action No: 3:13-cv-05136-RBL]

Efstathia Bura, Plaintiff, v. The George Washington University, Defendant. The United States District Court of the District of Columbia.  Deposed on May 24, 2017.  [Civil Action No: 1:15-cv-00533-CKK]

Alex Reinig, Ken Gritz, Bob Soda, Mary Lou Gramesky, Peter Wilder Smith, William Kinsella, Daniel Kolenda, Valerie Dal Pino, Ahmad Naji, Robert Pedersen, Teresa Fragale, and David Howard, Plaintiffs, v. RBS Citizens, N.A., Defendant.  United States District Court for the Western District of Pennsylvania.  Deposed on March 29, 2017.  [Civil Action No: 2:15-cv-01541-AJS]

Office of Federal Contract Compliance Programs, United States Department of Labor, Plaintiff, v. JBS USA LUX S.A. and Swift Beef Company d/b/a JBS and JBS USA, f/k/a JBS USA, LLC, JBS USA, Inc., and Swift & Co., defendants.  United States Department of labor, Office of Administrative Law Judges.  Deposed June 21-22, 2017.  [Hyrum; Case No. 2015-OFC-00001]

Rodney Tyger and Shawn Wadsworth, on behalf of themselves and those similarly situated, Plaintiffs, v. Precision Drilling Corp., Precision Drilling Oilfield Services, Inc., Precision Drilling Company, L.P., and John Does 1-10, Defendants.  In the United States District Court for the Middle District of Pennsylvania.  Deposed on January 26, 2017.  [Case No. 4:11-cv-01913]

3

*November 3, 2021*

David Romulus, Cassandra Beale, Nicholas Harris, Ashley Hilario, Robert Bourassa, and Erica Mello, on behalf of themselves and all other persons similarly situated, Plaintiffs, v. CVS Pharmacy, Inc., Defendant.  United States District Court for the District of Massachusetts.  [C.A. NO. 13-cv-10305-RWZ]

Office of Federal Contract Compliance Programs, United States Department of Labor, Plaintiff, v. Enterprise RAC Company of Baltimore, LLC, Defendant.  United States Department of labor, Office of Administrative Law Judges.  [Case No. 2016-OFC-00006]

Keith Salinas, on behalf of himself and all those similarly situated, Plaintiff, v. U.S. Xpress Enterprises, Inc. and U.S. Xpress, Inc., Defendants.  United States District Court for the Eastern District of Tennessee.  [C.A. NO. 13-245]

Brandon Felczer, individually, Ryan Goldman, individually, Ramsey Hawkins, individually, and Joseph Lane Carco, on behalf of themselves and all others similarly situated, Plaintiffs, v. APPLE INC., a California corporation; and DOES 1 through 300, inclusive, Defendant. Superior Court of California, County of San Diego. Deposed on August 29, 2016 and September 28, 2016.  Testified at trial on November 21, 2016 [Case No.  37-2011-00102593 CU-OE-CTL]

Lemuel Bland, Scott Rubin, Jason Galasso, Mariano Santoloci, Kirk Fyson, Gregory Zaccagni, Eugene Eacret, Jr., Dan Bernard Lindeman, III, David Groothuis, James R. Samuel, Bianca D'Alessio, Joan Malfatti and Denise Longo, Plaintiffs, v. PNC Bank, N.A., Defendant.
[Civil Action No: 2:15-cv-01042-AJS] *and* Marat Gokhberg, Yury Gokhberg, David Jaffe, Surekha Bassi, And Marc Franchi, Plaintiffs, v. The PNC Financial Services Group, Inc., and PNC Bank, N.A., Defendants. [Civil Action No: 2:15-cv-01700-AJS].  The United States District Court, Western District of Pennsylvania.  Deposed on October 31, 2016.

Jon Paul Castorena, Plaintiff, v. Christopher Manuel Zamora and The City of Houston, Defendants.  United States District Court for the Southern District of Texas, Houston Division. [C.A. NO. 4:14-cv-00495].

Janet Gay Kerekes, Plaintiff, v. Cengage Learning, Inc. and Jason Mindera and John and Jane Does A-F, Defendants.  In the Court of Common Pleas, Franklin County, Ohio.  Deposed on November 4, 2015.  Testified at trial on November 20, 2015.  [14-cv-006116]

Luanna Scott, et al., Plaintiff, v. Family Dollar Stores, Inc., Defendant.  United States District Court for the Western District of North Carolina, Charlotte Division.  Deposed on October 2, 2015.  [C.A. No. 3:08-CV-540-MOC-DSC].

Michael Nall and Flora Nall, Plaintiffs, v. BNSF Railway Company, Defendant.  In the United States District Court for the Southern District of Texas, Houston Division.  [Civil Action No. 14-cv-2819]

*November 3, 2021*

2.23

Helen Johnson, Individually and as Representative of the Estate of M.C. Johnson v. John L. Tan, M.D., North Texas Heart Center, P.A., CVS Pharmacy, Inc., CVS Caremark Corp., CVS Pharmacy, and Juliet Ucheoma.  In the 192nd Judicial District Court of Dallas County, Texas.  [Cause No: 14-08014]

Charles Barbara and Robert Martinez, Jr. on Behalf of Themselves and on Behalf of All Other Similarly Situated Plaintiffs, v.  AMSPEC, L.L.C., Defendant. In the United States District Court Southern District of Texas, Galveston Division. [Civil Action No. 3:14-cv-00226]

Yassine Baouch, on behalf of himself and all those similarly situated, and Scott Larrow, on behalf of himself and all those similarly situated, v. Werner Enterprises, Inc. d/b/a Werner Trucking and Drivers Management, LLC., In the United States District Court For the District of Nebraska.  Deposed on May 23, 2016.  [Civil Action No: 12-408]

James R Hanson, Ronald Jones, and Luis E. Fernandez, On Behalf of Themselves and All Others Similarly Situated vs. Camin Cargo, In the United States District Court Southern District of Texas, Houston Divisions.  Deposed on November 14, 2014.  [Civil Action H-13-0027]

Wil Watson, Gary Watson, Prixie Montgomery, Ave Gaines, Darnetta Mahaffy-Nelson, Dinah Campbell, and Brandin Campbell v. Clear Channel Broadcasting, Inc., In the United States District Court, Eastern Louisiana.  [Civil Action No. 2:13-cv-5503]

Raymond Devereaux v. Wal-Mart Stores, Inc., In the United States District Court District of Oregon, Portland Division.  [Civil Action No. 3:13-cv-01260-MO]

David Shane Doran v. Wal-Mart Stores, Inc., In the United States District Court District of Oregon, Portland Division.  [Civil Action No. 1:13-cv-01429-PA]

Paula Rena New v. Alamo Title Company, Alamo Title Company of Harris County, Inc., and Jane Ann Benton, In the District Court, 353rd Judicial District, Travis County, Texas.  [No. D-1-GN-12-001323]

Prixie Montgomery v. Clear Channel Broadcasting, Inc., United States District Court for the Eastern District of Louisiana.  [Case no. 121738 c/w 121851 & 122623]

Jacqueline Williams, Colden Brown, Derek Queen, Christopher Green, and Byron Gautier v. KB Home, et. al., United States District Court for the Southern District of Texas, Galveston District.  [Civil Action No. 3:12-CV-00139]

Katherine Anthony vs. Austin Independent School District, United States District Court for the Western District of Texas, Austin Division.  [Civil Action No. 1:12-CV-728-LY]

5

*November 3, 2021*

2.24

Patrick Bay vs. Los Alamitos Fish Company, A California Limited Partnership d.b.a. The Original Fish Company, Superior Court of the State of California for the County of Orange. [Case No. 30-2012-00585290-CU-OE-CXC]

Robert Barnard and Bryan Ahrens, et. al. v. Intertek USA Inc d/b/a Intertek Caleb Brett, Texas Southern District.  [Case No. 4:2011cv02198]

Don Lykins v. Citigroup Credit Services, Inc. (USA), American Arbitration Association, Arbitration testimony given August 1, 2012.  [Case No.  52 160 00511 09]

Rigoberto Sanchez v. Tornillo Independent School District, County Court of Law Number Five, El Paso County, TX.  Trial testimony given November 17, 2011.  [Docket No. 2010-5075]

Davis, et.al. v. Compass USA, Inc. d/b/a Canteen Vending Services in the Texas Southern District.  [Docket No. 4:2009cv02733]

Quintin Tyler Mims v. Carrier Corporation, United States District Court for the Eastern District of Texas, Marshall Division.  Deposed on March 23, 2011.  [Docket No. 2:06cv00206]

Vance G. Marquez, plaintiff, vs. Freescale Semiconductor, Inc., defendant.  District Court Travis County, Texas, 250th Judicial District.  [Docket No. D-1-GN-08-002829]

David Phair v. New Page Corporation and Rumford Paper Company, United States District Court for the District of Maine.  Deposed on September 14, 2009.  [Docket No. 09-CV-97-P-S]

Christopher Caldwell, Plaintiff, v. Waste Management of Michigan, Inc., d/b/a Waste Management, Defendant.  State of Michigan in the Circuit Court for the County of Wayne. Deposed on May 22, 2009.  [Docket No. 06-627130-CZ]

Clement Chin and Eva Kong, Plaintiffs, v. The Port Of Oakland, a municipal corporation, and Does 1 through 25, inclusive, Defendants.  Superior Court of the State of California, County of Alameda.  [Docket No. RG-06-259827]

Peter Knoch and Jason Ritchey, individually and on behalf of all others similarly situated and the general public, Plaintiffs, v. Safeway, Inc., a Delaware Corporation; The Vons Companies, Inc., a Michigan Corporation; and Does 1 through 100, inclusive, Defendants.  Superior Court of the State of California, County of Los Angeles.  [Consolidated Docket Nos. BC 277481 & BC 278726]

*November 3, 2021*

2.25

***Publications***

"Using Wages to Infer School Quality," with Finis Welch.  In *Handbook of the Economics of Education*, edited by Eric Hanushek and Finis Welch.  Elsevier Science Ltd., 2006.

7

*November 3, 2021*

**Attachment 3: Data and Documents Received**

**Documents**

- "2020-09-28 - Second Amended Complaint.pdf"
- "2017.01.12 - Contract Print Version 2017 (8).pdf" ("Delta Pilot Working Agreement")
- "Delta Annual Profit Sharing Plan amended 1-1-2018 (2).pdf"
- "Copy of Plaintiff Pension and Profit Damages For Delta Updated 04.08.2021.xlsx"
- "Deemed Earnings Calcluation Chart.pdf"
- "Second Supplemental Initial Disclosures 0408.2021.pdf"
- "Clarkson v. Alaska - Defendant_s Expert Report.pdf"
- "Clarkson v. Alaska - Plaintiff_s Expert Report.pdf"
- "Clarkson v. Alaska Airlines_ Inc._ 2021 U.S. Dist. LEXI..PDF"
- "Duffer v. United Cont_l Holdings_ Inc._ 173 F. Supp. 3d.PDF"
- "Hoefert v. Am. Airlines_ Inc._ 438 F. Supp. 3d 724.PDF"
- "Hoefort v. American - Affidavit of Kingaonkar re leave duration.pdf"
- "Moss v. United - Affidavit of Medica.pdf"
- "Moss v. United Airlines_ Inc._ 420 F. Supp. 3d 768.PDF"
- USERRA-Fact-Sheet-Pension-FAQs.pdf

**Plaintiff Expert Reports ("Plaintiffs Expert Disclosures and Reports 10.8.21 - service copy.pdf")**

- Expert Report of Candice L. Rosevear, October 8, 2021
- Declaration of Dwight D. Steward, Ph.D., October 8, 2021

**Data**

***ALV-TLV Charts***

- ALV-TLV Summary (Update).xlsx   [Used in my calculations]
- ALV-TLV Summary.xlsx   [Used in my calculations]
- DELTA000607321.xlsx

***Military Leaves***

- DELTA000607318.xlsx*   [Used in my calculations – most recent update]
- DELTA000607323.xlsx

2.27

*Non-Military Leaves*

- DELTA000607319.xlsx*     [Used in my calculations – most recent update]
- DELTA000607324.xlsx
- DELTA000607325.xlsx
- DELTA000607326.xlsx
- DELTA000607327.xlsx
- DELTA000607328.xlsx
- DELTA000608111.xlsx

*Pay Data*

- DELTA000607320.xlsx*     [Used in my calculations – most recent update]
- DELTA000607329.xlsx

*Other Data Sources*

- DELTA000008612.xlsx
- DELTA000008611.xlsx
- DELTA000008613.xlsx
- DELTA000008614.xlsx
- DELTA000607322.xlsx
- DELTA000008615.xlsx
- DELTA000008708.xlsx
- DELTA000607330.xlsx
- DELTA000607331.xlsx

2.28