# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JEREMY SORENSON, an individual,
RANDAL REEP, an individual,
RANDAL SMITH, an individual,
ADAM MCLEAN, an individual, and
JAMES DOYLE, an individual, on
behalf of themselves and all others
similarly situated,

      Plaintiffs,                    CASE NO. 1:17-cv-541-ELR

v.

DELTA AIR LINES, INC.,
a Delaware Corporation.

      Defendant.
_____

## DEFENDANT DELTA AIR LINES, INC.'S MOTION TO FILE SINGLE SUMMARY JUDGMENT REPLY BRIEF AND MODIFY BRIEFING SCHEDULE

Defendant Delta Air Lines, Inc. ("Delta"), through its undersigned counsel, respectfully moves for an Order: (1) permitting Delta to file a single Reply Brief in Support of Its Motion for Summary Judgment, not to exceed fifty (50) pages; and (2) extending Delta's time to file its single Reply Brief for thirty (30) days through July 13, 2022.

In support of this motion, Delta shows the Court the following:

1. This is a putative class action under the Uniformed Services Employment & Reemployment Rights Act ("USERRA") brought by five individually named Plaintiffs. Delta submits that it is entitled to summary judgment under Federal Rule of Civil Procedure 56 with respect to each of the Plaintiffs' claims.

2. On February 17, 2022, this Court entered an Order setting a deadline of March 14, 2022 for Delta to file its Motion for Summary Judgment on Plaintiffs' claims and permitting Delta to file a single Brief in Support of Its Motion for Summary Judgment that would not exceed thirty-five pages. (Doc. No. 154.)

3. Pursuant to the Court's Order, on March 14, 2022, Delta timely filed a single Summary Judgment Motion seeking dismissal of all claims. (Doc. No. 178.) Pursuant to Local Rule 56.1(B)(1), Delta filed with its motion and supporting brief a Statement of Undisputed Material Facts. (Doc. No. 178-1.)

4. At the request of counsel for Plaintiffs Smith, McLean, and Doyle (Gene Stonebarger and Charles Billy), on March 21, 2022, Delta agreed to file a Joint Motion establishing a briefing schedule and briefing page limit for the balance of the briefing on Delta's Motion for Summary Judgment. Delta agreed with these Plaintiffs' counsel that: (1) Plaintiffs would file their Opposition to Delta's Motion

2

for Summary Judgment on or before April 18, 2022; (2) Plaintiffs would file a single brief in Opposition to Delta's Motion for Summary Judgment—covering the claims of all Plaintiffs—that would not exceed thirty-five pages; (3) Delta would file its Reply to the Opposition on or before May 16, 2022; and (4) Delta's brief in reply to the single Opposition would not exceed twenty (20) pages. (Doc. No. 183.)

5. That proposed schedule setting Delta's Reply Brief deadline as May 16, 2022 would prevent a conflict between the time period for Delta to file its Reply Brief and the scheduled vacations of Delta's Counsel Thomas Munger (May 15–May 30), Benjamin Stone (June 9–June 23), and Lincoln Bisbee (June 6–June 15).[1]

6. Unbeknownst to Delta's counsel, and presumably counsel for Plaintiffs Smith, McLean and Doyle, counsel for Plaintiffs Sorenson and Reep (Crystal Matter) planned to file and then filed a competing Motion to Stay Plaintiffs' Response to Delta's Summary Judgment Motion for an indefinite period of time until the Court ruled on a Federal Rule of Civil Procedure 23(g) Motion to Appoint Interim Class Counsel. That motion was the latest chapter in an unprecedented war between what Matter called "two factions" of lawyers (Matter on the one hand and

---

[1] Mr. Munger's and Mr. Stone's vacations will be overseas (and Mr. Munger is presently in Europe through May 30 with his son). Mr. Bisbee's vacation will be in-country. All vacations were planned several months ago with the agreed summary judgment schedule in mind.

3

Billy/Stonebarger on the other hand) competing to be named interim class counsel.[2]

7. On April 29, 2022, after reviewing various briefing, the Court entered an Order denying the Motion to Stay filed by Matter. (Doc. No. 191.) The Court held that an indefinite stay to respond to Delta's Summary Judgment Motion was not warranted (and also prejudiced Delta). (Id. at 9.)

8. To address the "schism" between the Plaintiffs, in its Order the Court exercised its discretion "to direct each individual named Plaintiff, **_through his attorneys_**, to file a response regarding only his own individual claims, within fourteen (14) days of the entry of this order." (Id.) The Court further granted Delta thirty (30) days—to June 13, 2022—to file its Replies. (Id. at 23.)

---

[2] The history of that war has been placed before the Court in numerous filings that will not be repeated here. Relevant to this motion is the fact that all three of these counsel engaged in egregious and indisputable misconduct, including making numerous factual assertions to this Court that were established to be demonstrably false, waiving the attorney-client privilege of all of their respective clients only to support their own personal effort to seek attorneys' fees, and other conduct by the respective counsel that the opposing faction correctly labels as unethical. Delta contended that none of the three lawyers could be appropriate class counsel due to their respective conduct. Stonebarger/Billy have falsely represented to this Court that Delta's position that they are not fit to be counsel in this case relies solely on the assertions of Matter against them. To the contrary, Delta heavily relied on the indisputable misconduct of Stonebarger/Billy. Moreover, some of the misconduct allegations of Matter against Billy/Stonebarger were not disputed by them and were demonstrated to be true. The misconduct of all three counsel in recent months is relevant background to this motion.

9. As a result of the Court's ruling on Plaintiffs Sorenson and Reep's Motion to Stay (Doc. No. 191), Plaintiffs had sixty days to consider and respond to Delta's Motion for Summary Judgment (from March 14, 2022 through May 13, 2022).

10. The new deadline for Delta to file its Reply briefs in support of its Motion for Summary Judgment (caused by the misconduct of all three of Plaintiffs' counsel and Matter's unsuccessful Motion to Stay) created a conflict with the previously scheduled vacations of Delta Counsel Munger, Stone, and Bisbee. However, Delta's Counsel decided to wait to determine whether to seek an extension of that deadline until after it reviewed Plaintiffs' respective responses to Delta's Motion for Summary Judgment.

11. On May 12, 2022, Plaintiffs McLean, Doyle, and Smith filed their individual Responses to Delta's Motion for Summary Judgment through Plaintiffs' Counsel Stonebarger and Billy. (Doc. Nos. 206-08.) Each Plaintiff filed an individual twenty-five-page response, as well as separate 119-page documents that purported to respond to Delta's Statement of Undisputed Material Facts and inserted nearly 200 additional alleged facts. They also filed a lengthy Declaration from their counsel Charles Billy.

12. Plaintiffs McLean, Doyle, and Smith's Summary Judgment Responses

were in blatant violation of this Court's Local Rule 56.1, this Court's Instructions to Parties (Doc. No. 3) incorporating and reiterating Local Rule 56.1, Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927. Among other things:

(a) In the Response to Delta's Statement of Facts (Doc. 208-1), Plaintiffs did not remotely comply with Local Rule 56.1 by admitting or denying Delta's Statement of Facts "with concise responses supported by specific citations to evidence" (or alternatively asserting a valid objection). Instead, Plaintiffs routinely ignored Delta's facts entirely (and responded to a different fact of their choosing);[3] pretended to deny facts when they, in fact, admitted them;[4] or, most commonly, pretended to dispute facts and then spent pages arguing that the facts are "being taken out of context" or are resulting in "inappropriate conclusions and inferences."[5] *In one case, Plaintiffs responded to a one-sentence fact about the Plaintiffs' monthly pay hours (Statement of Fact No. 30) with a nearly three-page response that had nothing to do with the fact alleged.* This Court has repeatedly entered Orders recognizing the impropriety of tactics such as these, striking such Responses, and recognizing that they are subject to sanction by the Court. See, e.g., Hill v. Delta

---

[3] See, e.g., Response to Undisputed Fact Nos. 17-19.
[4] See, e.g., Response to Undisputed Fact No. 22.
[5] See, e.g., Statement of Fact Nos. 23, 29, 30, 45, 51-52, 68.

Air Lines, Inc., Case No. 1:18-cv-05589-JPB-WEJ (copy attached hereto as Ex. A); Stevenson v. Delta Air Lines, Inc., Case No. 1:16-cv-2571-AT-LTW (copy attached hereto as Ex. B).

(b) In the Declaration filed by Attorney Charles Billy (Doc. No. 208-2), he engaged in twenty-three pages of improper and false testimony regarding the alleged facts of this case. Mr. Billy routinely testifies about his impression and interpretation of emails or testifies about his impressions of what they do and do not contain. He also spends numerous pages discussing his impressions about what has been admitted and denied in the case or testifying about what relevant evidence he believes is missing from the case. In other instances, he simply falsely describes testimony and evidence in this case. As just one example, he alleges that when one of the Plaintiffs (McLean) was asked in his deposition about whether his pay was "reasonably certain," "McLean responded that his actual pay was not reasonably certain *because he had military duty every month*. (McLean Dep., pp. 128:17-129:1 [Doc. 171])." (Billy Decl. ¶ 27 (emphasis in original).) If the Court reviews the testimony cited by Billy, it will quickly see that that this testimony by Billy (in addition to being improper) is simply false. McLean testified to no such thing and made no reference to any military duty in describing why his hours were not "reasonably certain." There are many other violations of the applicable Rules and

this Court's Orders.

13. On May 13, 2022, Plaintiffs Sorenson and Reep also filed their Responses to Delta's Motion for Summary Judgment—also through Plaintiffs' counsel Stonebarger and Billy. (Doc. Nos. 209-210.) Plaintiffs Sorenson and Reep's Summary Judgment Responses again included the identical, improper, 119-page Response to Delta's Statement of Facts and the Declaration of Billy, which constituted significant and blatant Federal and Local Rules violations.

14. Remarkably, after Plaintiffs Sorenson and Reep filed their individual Responses to Delta's Motion for Summary Judgment through counsel Stonebarger and Billy, they then filed *new and separate Responses* to Delta's Motion for Summary Judgment through counsel Matter. (Doc. Nos. 111-12.) They also filed a separate and additional eighty-five-page Statement of Facts that again repeatedly violated the Court's Local Rules. (Doc. Nos. 111-1, 112-1.)

15. As a result of all of this, in response to Delta's single, thirty-five-page Brief in Support of its Motion for Summary Judgment, the five Plaintiffs in this case have improperly filed seven (7) individual summary judgment responses, constituting 175 pages of briefing, on top of hundreds of pages of improper Statements of Fact and Declarations. At this point, it remains unclear even which of Plaintiffs Sorenson and Reep's multiple summary judgment responses (which are in

many respects internally inconsistent) were filed by any counsel that is actually representing them in this matter.

16. At present, under the Court's April 29, 2022 Order (Doc. No. 191), Delta is permitted to file five separate briefs (totaling seventy-five pages). Delta is also permitted to file Separate Motions to Strike Plaintiffs' various Responses to Delta's Statement of Undisputed Material Facts and the improper Declaration of Billy.

17. Delta respectfully believes, however, that the most efficient and effective way for it to present the relevant issues to the Court is not through five separate briefs constituting up to seventy-five pages of filings (along with multiple Motions to Strike, which will unnecessarily increase the Court's workload), but instead through a single Reply Brief (that will not exceed fifty pages) that: (1) addresses all of Plaintiffs' incorrect arguments contained in their seven Opposition Briefs; and (2) demonstrates the impropriety of Plaintiffs' Responses to Delta's Statement of Undisputed Material Facts and Billy's improper declaration. (Delta also believes that a separate Motion for Sanctions under 28 U.S.C. § 1927 is warranted.)

18. At present, Delta's five Reply Briefs, together with the ancillary filings described above, are due within thirty (30) days. As noted above, however, in

addition to the unanticipated morass that has been created by Plaintiffs' numerous improper filings—including two Plaintiffs filing multiple summary judgment oppositions—two of Delta's lead counsel in this matter (Thomas Munger and Benjamin Stone) had made plans to travel out of the country on family vacations during May and June over the next thirty days, and a third lead counsel (Lincoln Bisbee) is also scheduled for a family vacation over the next thirty days.

19. For these reasons, Delta respectfully moves the Court to permit it to file a single Reply Brief, not to exceed fifty (50) pages, responding to Plaintiffs' improper Summary Judgment Response filings, and to file that single Reply Brief on or before July 13, 2022.

20. Pursuant to this Court's Instructions (Doc. No. 3), this Motion is filed more than five (5) days in advance of the deadline for Delta's Summary Judgment Reply Brief.

Respectfully submitted this 16th day of May, 2022.

Respectfully submitted,


s/ Benjamin A. Stone
Thomas J. Munger (Georgia Bar No. 529609)
Benjamin A. Stone (Georgia Bar No. 683850)
MUNGER & STONE, LLP
999 Peachtree Street, N.E., Suite 2850
Atlanta, Georgia 30309
Telephone: (404) 815-0933
tom.munger@mungerandstone.com
ben.stone@mungerandstone.com

Lincoln O. Bisbee (Admitted *Pro Hac Vice*)
Jason J. Ranjo (Admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 100178
Telephone: (212) 309-6000
lincoln.bisbee@morganlewis.com
jason.ranjo@morganlewis.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JEREMY SORENSON, an individual, RANDAL REEP, an individual, RANDAL SMITH, an individual, ADAM MCLEAN, an individual, and JAMES DOYLE, an individual,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**DELTA AIR LINES, INC.,** a Delaware Corporation,<br><br>Defendant. | Civil Action No. 1:17-cv-00541-ELR |

## CERTIFICATE OF SERVICE

This is to certify that I have this 16th day of May, 2022 filed the foregoing **DEFENDANT DELTA AIR LINES, INC.'S MOTION TO FILE SINGLE SUMMARY JUDGMENT REPLY BRIEF AND MODIFY BRIEFING SCHEDULE** with the Clerk of Court using the CM/ECF system, which will automatically deliver it to all counsel of record, including:

| | |
|---|---|
| Gene Stonebarger, Esq.<br>STONEBARGER LAW, P.C.<br>75 Iron Point Circle, Suite 145<br>Folsom, CA 95630<br>gstonebarger@stonebargerlaw.com | Charles M. Billy, Esq.<br>LAW OFFICES OF CHARLES M. BILLY, P.C.<br>22706 Aspan Street, Suite 305<br>Lake Forest, CA 92630<br>cbilly@cmblawcorp.com |
| Crystal L. Matter, Esq.<br>Matter Law, APC<br>101 Parkshore Drive<br>Suite 100<br>Folsom, CA 95603<br>crystal@matterlawpc.com | |

s/Benjamin A. Stone
Georgia Bar No. 683850
