UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JEREMY SORENSON, an individual, RANDAL REEP, an individual, RANDAL SMITH, an individual, ADAM MCLEAN, an individual, and JAMES DOYLE, an individual, on behalf of themselves and all others similarly situated,**<br><br>    **Plaintiffs,**<br>**vs.**<br><br>**DELTA AIR LINES, INC.,**<br>**a Delaware Corporation,**<br><br>    **Defendant.** | **Civil Action No. 1:17-cv-00541-ELR** |

### PLAINTIFFS RANDAL REEP AND JEREMY SORENSON'S RESPONSE TO DEFENDANT DELTA AIR LINES, INC.'S MOTION TO FILE A SINGLE SUMMARY JUDGMENT REPLY BRIEF AND MODIFY BRIEFING SCHEDULE [DOC. 213]

Plaintiffs Randal Reep and Jeremy Sorenson ("Plaintiffs Reep and Sorenson"), by and through their undersigned counsel, submit the following Response in Opposition to Defendant Delta Air Lines, Inc.'s ("Delta Air Lines") Motion to File a Single Summary Judgment Reply Brief and Modify Briefing Schedule ("Motion"). For the reasons set forth herein, Delta's Motion should be DENIED.

/ / /

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs' class action complaint was filed on February 13, 2017, against Delta Air Lines alleging violations of USERRA. [Doc. 1.] The Court denied Delta Air Lines Motion to Dismiss Plaintiffs' First Amended Complaint. [See Doc. 24.] Thereafter, the Parties engaged in discovery, which was stayed for a lengthy period prior to a mediation/settlement conference. [See Doc. 191.] The stay was lifted following an unsuccessful mediation/settlement conference, and discovery resumed until January 2022, when discovery was closed. [See Docs. 36, 61, 59 and 82.] Plaintiffs filed their Second Amended Complaint on September 28, 2020; Delta Air Lines answered on March 22, 2021. [Docs. 84, 102.]

Beginning September 2021, relations between Plaintiffs and one of their attorneys, Mr. Stonebarger, began to break down. [*See* Docs. 153, 191.] Mr. Stonebarger was terminated by four of five Plaintiffs on October 14, 2021. [Doc. 153-2, ¶8.] Following his termination, Mr. Stonebarger and Mr. Billy interfered with their co-counsel, Mrs. Matter's access to Plaintiffs' designated experts and access to case materials. [Matter Decl., ¶¶25-27; Doc. 153-1, ¶22.]

On December 8, 2021, following multiple failed attempts to resolve the issue without Court intervention, Mrs.  Matter filed an *ex parte* motion

2

seeking injunctive relief against co-counsel, Mr. Stonebarger and Mr. Billy, to have her access to experts and all case materials restored. [Docs. 137, 191.]

The next day, December 9, 2021, Mr. Stonebarger and Mr. Billy filed a motion to be appointed interim class counsel. [Doc. 139-1.]

The hearing on Mrs. Matter's *ex parte* was held on December 13, 2021 before Magistrate Judge Baverman. [Doc. 137.] Relying on misrepresentations by Mr. Stonebarger and Mr. Billy, Magistrate Judge Baverman denied as *moot* Mrs. Matter's request for relief as to case materials, and did not rule on the issue of Mr. Stonebarger and Mr. Billy's interference with Mrs. Matter's access to experts[1]. [Doc. 141.]

On December 14, 2021, Plaintiffs' local counsel, Mr. Coomes, filed a Motion to Withdraw as Counsel, which was granted on January 26, 2022. [Docs. 142, 149.]

Immediately following the hearing on Coomes's Motion to Withdraw, the Court set the deadline to oppose the Motion to Appoint Interim Class Counsel for February 10, 2022. [Doc. 150.]

---

[1] Mr. Billy restored Mrs. Matter's access to some case materials *after* the December 13, 2021 hearing. To date, she has not been given access to case materials located on shared servers with Mr. Stonebarger. Additionally, to date, Mrs. Matter's access to the experts has not been restored, a fact not refuted by Mr. Stonebarger and Mr. Billy. [Matter Decl., ¶25.]

Plaintiffs Sorenson and Reep filed an Opposition to the Motion to Appoint Interim Class Counsel on February 10, 2022, again identifying misconduct by Mr. Stonebarger and Mr. Billy and its impact on Plaintiffs Sorenson and Reep. [See Doc. 153.] In response, Mr. Stonebarger and Mr. Billy filed both an *Ex Parte* reply and a redacted reply[2]. [See Docs. 155, 157.] Various motions related to the Motion to Appoint Interim Class Counsel followed. [See Doc. 191.]

On February 17, 2022, the Court granted Delta's request for an extension of time to file its Motion for Summary Judgment and extend the page limitations. [See Doc. 154.] Delta filed its Motion for Summary Judgement on March 14, 2022. [Doc. 178.]

On March 21, 2022, three Plaintiffs (Smith, Doyle and McLean) along with Delta filed a Joint Motion seeking an order that would limit all *five* Plaintiffs to one brief in Opposition to Delta's Motion for Summary Judgment. [Doc. 183.] Three Plaintiffs sought to bind not only themselves, but also the other two Plaintiffs (who were not a party to the Joint Motion) to a single opposition brief in response to Delta's Motion for Summary Judgment. Moreover, they sought to substantially reduce the total number of

---

[2] Notably, in those replies Stonebarger and Billy attack their current and former clients. [Docs. 155, 156; see reference to those attacks at Doc. 184]

pages the collective Plaintiffs would have to respond to Delta's Motion for Summary Judgment from 125 (for 5 oppositions) to  a mere 35 pages for one opposition. [Doc. 183, p.2.]

On March 30, 2022 Plaintiffs Sorenson and Reep filed a Motion to Stay the Deadline to respond to Delta Air Lines Motion for Summary Judgment and in so doing opposed the Joint Motion. [Doc. 184.] Plaintiffs Sorenson and Reep sought a stay of Plaintiffs collective deadline to respond to Delta's Motion for Summary Judgment until after the Court decided the Motion to Appoint Interim Class Counsel and a brief period thereafter for the Plaintiffs attorneys left standing to prepare the response. [See Doc. 184.]

On April 1, 2022, the Court stayed the deadline for Plaintiffs to respond to Delta's Motion for Summary Judgment pending a formal ruling on the Motion to Stay. [Doc. 185.]

On April 7, 2022, Delta and Plaintiffs Doyle, McLean and Smith filed Oppositions to Plaintiffs Sorenson and Reep's Motion to Stay the Deadline for Plaintiffs' Response to Delta's Motion for Summary Judgment. [Docs. 187 and 188.] In Opposition, Delta argued additional time would be "extraordinarily prejudicial to Delta" because it would create an "unfair litigation advantage." [Id.]    Delta acknowledged the schism between Plaintiffs and Plaintiffs'

counsel but essentially said "tough luck, not my problem." [See Doc. 187, p. 14.]

On Friday, April 29, 2022, the Court issued an Order denying Plaintiffs Sorenson and Reep's Motion to Stay and entered a ruling on various other motions, except Stonebarger and Billy's Motion to Appoint Interim Class Counsel. [See Doc. 191.] Critically, the April 29th Order set a 14-day deadline for each of the five Plaintiffs to individually respond to Delta's Motion for Summary Judgment. [Id.] Noting that the case had already been pending for five years, the Court's Order made clear that the Court was not inclined to grant Plaintiffs any additional extensions of time to respond to Delta's Motion. [Doc. 191, fn. 2.]

Upon receipt of the Court's Order, Mrs. Matter and Mr. Covey attempted to confer in good faith with Mr. Stonebarger and Mr. Billy and ensure consistency amongst the arguments made by Plaintiffs in response to Delta's Motion for Summary Judgment. [Matter Decl., ¶¶15-16.] Mr. Stonebarger and Mr. Billy refused to engage in good faith, offering only an invitation for Mrs. Matter to send her draft Oppositions to them four business days before the deadline, effectively one week after the Court's Order setting the deadline. [Id.]

On May 12, 2022, Mr. Stonebarger and Mr. Billy filed Oppositions and supporting documents to Delta's Motion for Summary Judgement on behalf of Plaintiffs McLean, Doyle and Smith. [Docs. 206, 207, 208.]

On May 13, 2022, Mr. Stonebarger and Mr. Billy filed Oppositions and supporting documents to Delta's Motion for Summary Judgement on behalf of Plaintiffs Sorenson and Reep. [Docs. 209, 210.] Mr. Stonebarger and Mr. Billy do not represent Plaintiff Sorenson. [Sorenson Decl., ¶¶3-6.] Stonebarger does not represent Plaintiff Reep, and Mr. Billy expressly lacked authority to file an opposition on behalf of Plaintiff Reep. [Reep Decl., ¶5.] Mr. Anderson is local counsel for Mr. Stonebarger and Mr. Billy on behalf of Plaintiffs McLean, Doyle and Smith, only. [Doc. 138.] Accordingly, even if Mr. Stonebarger and Mr. Billy had authority to file oppositions on behalf of Mr. Sorenson and Mr. Reep – which they did not – they lacked local counsel required to file on behalf of those Plaintiffs.

On May 13, 2022, Mrs. Matter filed Oppositions and supporting documents to Delta's Motion for Summary Judgement on behalf of Plaintiffs Sorenson and Reep[3]. [Docs. 211, 212.] These oppositions were authorized by

---

[3] Sorenson and Reep filed Notices of Errata on May 19, 2022 to correct errors to their Oppositions related to citations to the record. [Docs. 214 and 215.]

and supported by declarations made by both Plaintiff Sorenson and Plaintiff Reep.

On May 16, 2022, Delta Air Lines filed its Motion seeking 60 days to reply to Plaintiffs' Oppositions. [Doc. 213.] Sixty days is **twice** the time allotted in the Court's April 29, 2022 Order. [See Doc. 191.] Delta seeks the additional time because *some* of its attorneys handling this case are taking vacation, and Delta's reply must respond to multiple briefs. [Doc. 213.]

On May 30, 2022, Plaintiffs McLean, Smith and Doyle, filed an Opposition to Delta's Motion ("Stonebarger Opposition"). [Doc. 216.]

## II.   ARGUMENT

### A. *Plaintiffs Will be Prejudiced by the Litigation Advantage Delta's Motion Seeks*

Plaintiffs will suffer prejudice if this Court grants Delta additional time to respond to Plaintiffs' Oppositions to Delta's Motion for Summary Judgment.

On March 30, 2022, Plaintiffs Sorenson and Reep sought to stay Plaintiffs' deadline to respond to Delta's Motion for Summary Judgment. [Doc. 184.] Plaintiffs Sorenson and Reep sought to obtain a stay until the Court decided the pending Motion to Appoint Interim Class Counsel. Given the allegations in the various briefs related to the Motion to Appoint Interim

Class Counsel, Plaintiffs Sorenson and Reep believed the Court's Order on that Motion (the Motion to Appoint Interim Class Counsel) would provide the clarity and certainty needed to determine *who* would be responding to Delta's Motion for Summary Judgment. Without that determination, it was unclear how many briefs were to be submitted in response, and due to the warring Plaintiff factions, it was unclear who should be submitting the response.

Capitalizing on this uncertainty, on April 4, 2022, Delta opposed Plaintiffs Sorenson and Reep's Motion to Stay arguing that granting a stay would give Plaintiffs the benefit of **time** which would be an unfair litigation advantage that creates substantial prejudice to Delta. [Doc. 187.] Delta argued more time was prejudicial to Delta's interests.

The Court agreed that further delays would be prejudicial to Delta and the other Plaintiffs and noted that the case has "already been pending for over (5) years. [Doc. 191.] This Court's April 29, 2022 Order clarified that individual Plaintiffs are to submit separate responses to Delta's Motion for Summary Judgment and that such responses were due fourteen days from the Court's Order.  [Doc. 191.]

Now, Delta wants to have its cake and eat it too. Delta - the very party that claimed giving additional time is prejudicial - seeks even more time to prepare their Reply brief. The Court already gave Delta, a multi-billion-dollar

company with vast resources, twice the statutory amount of time to file a reply brief. Delta wants more. Delta argues it needs additional time because there are multiple opposition briefs and because two of its multiple attorneys are going on vacation.

The Court already considered the fact that Delta was responding to multiple briefs when it awarded Delta twice the amount of time to respond to Plaintiffs Opposition briefs. Delta intends to file only one reply brief, likely because it realized that the briefs filed on behalf of Mr. Stonebarger and Mr. Billy are nearly identical. Thus, it is really only having to respond to three briefs – one by Mr. Stonebarger and Mr. Billy, and two by Mrs. Matter (on behalf of Plaintiff Sorenson and one on behalf of Plaintiff Reep). And Mrs. Matter's briefs are also largely similar.

Delta's claim that it needs an additional month because two of its four main attorneys are going on vacation is disingenuous and unavailing. Delta has at least four main attorneys representing its interests in this case and the vacation schedules of only two of its attorneys are allegedly affected. Delta is using the vacations as an excuse to buy more time for the other attorneys working on the case. Nevertheless, even if Delta were genuinely concerned about the vacation schedules of two of its four attorneys then it should have raised the issue at the time it opposed Plaintiffs Motion to Stay.

If Delta can be found to be substantially prejudiced by the thought of Plaintiffs – as fractured as they are – receiving more time to respond to a motion, then certainly Plaintiffs would suffer the same prejudice.

> B. *Stonebarger and Billy Did Not Have Authority to File Oppositions on Behalf of Plaintiff Sorenson and Reep*

Mr. Stonebarger and Mr. Billy do not represent Plaintiff Sorenson yet they filed a response in Opposition to Delta's Motion for Summary Judgment on his behalf. Plaintiff Sorenson terminated Stonebarger on October 14, 2022 and Billy on  February 10, 2022. [Sorenson Decl., ¶¶4-5.]

Plaintiff Reep terminated Stonebarger on October 14, 2021. [Reep Decl., ¶5.] Reep is still represented by Mr. Billy and Mrs. Matter. [Id. at ¶5.] However, Mr. Billy lacked authority to file an Opposition to Delta's Motion for Summary Judgment on behalf of Plaintiff Reep. [Reep Decl., ¶6.]

Mr. Billy and Mr. Stonebarger retained Mr. Anderson to act as local counsel on behalf of Plaintiffs McLean, Smith and Doyle, only. [Doc. 203.] Anderson has never been retained by Sorenson or Reep. [Sorenson Decl., 6¶; Reep Decl., ¶7.]

Accordingly, neither Mr. Billy,  Mr. Stonebarger, nor Mr. Anderson, were authorized to submit oppositions to Delta's Motion for Summary Judgment on behalf of Plaintiffs Reep or Sorenson.

Therefore, Delta need not consider the Oppositions filed on behalf of Mr. Stonebarger and Mr. Billy on behalf of Plaintiffs Sorenson and Reep.

## III.   CONCLUSION

Based on the equities and the arguments set forth herein, Plaintiffs Sorenson and Reep request this Court deny Delta's request to extend their deadline to file a Reply beyond the 30 days identified in the Court's April 29, 2022 Order.

/s/ Crystal L. Matter, Esq.
Crystal L. Matter (*Admitted Pro Hac Vice*)
California Bar No. 278084
MATTER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, California 95630
Tel: (916) 735-7495
Email: cmatter@matterlawapc.com

/s/ A. Cyclone Covey
A. Cyclone Covey
Georgia Bar No. 190747
Kneupper & Covey PC
4475 Peachtree Lakes Dr.
Berkeley Lake, GA 30096
Tel: (678) 596-6008
Email: cyclone@kneuppercovey.com

*Attorneys for Plaintiffs Jeremy Sorenson,*
*Randal Reep and the Putative Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Century Schoolbook, 13-point font, as permitted by Local Rule 5.1(B).

Respectfully submitted this 31st day of May 2022.

<u>s/ Crystal L. Matter, Esq.</u>
California Bar No. 278084
MATTER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, California 95630
Tel: (916) 735-7495
Email: <u>cmatter@matterlawapc.com</u>
*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within and foregoing **PLAINTIFFS RANDAL REEP AND JEREMY SORENSON'S RESPONSE TO DEFENDANT DELTA AIR LINES, INC.'S MOTION TO FILE A SINGLE SUMMARY JUDGMENT REPLY BRIEF AND MODIFY BRIEFING SCHEDULE [DOC. 213]** was filed with the Clerk of Court using the CM/ECF system, which will automatically serve the following counsel of record:

Thomas Munger, Esq.
tom.munger@mungerandstone.com

Charles Michael Billy, Esq.
cbilly@cmblawcorp.com

Benjamin Stone, Esq.
ben.stone@mungerandstone.com

Gene J. Stonebarger, Esq.
gstonebarger@stonebargerlaw.com

Ira G. Rosenstein, Esq.
irosenstein@orrick.com

A.  Cyclone Covey, Esq.
cyclone@kneuppercovey.com

Joseph J. Ranjo, Esq.
jason.ranjo@morganlewis.com

This 31st day of May 2022.

s/ Crystal L. Matter, Esq.
California Bar No. 278084
MATTER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, California 95630
Tel: (916) 735-7495
Email: cmatter@matterlawapc.com
*Admitted Pro Hac Vice*

14