[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12698

Non-Argument Calendar

_____

JEREMY SORENSON, et al.,
individuals,

                                            Plaintiffs,

ADAM MCLEAN,
an individual,
JAMES DOYLE,
an individual, on behalf of themselves
and all others similarly situated,

                                    Plaintiffs-Appellants,

*versus*

DELTA AIR LINES INC.,

2                    Opinion of the Court                    23-12698

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cv-00541-ELR

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional questions, we conclude that we lack jurisdiction over this appeal.

Appellants Adam McLean and James Doyle, individually and on behalf of all others similarly situated, challenge the district court's March 31, 2023 order granting in part defendant Delta Air Lines, Inc.'s ("Delta") motion for summary judgment. The March 31 order dismissed all claims asserted by plaintiffs Jeremy Sorenson, Randal Reep, McLean, and Doyle, leaving only plaintiff Randal Smith's discrimination claim outstanding.

On August 30, 2023, a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that purported to dismiss all of Smith's claims with prejudice was filed in the district court. The parties do not dispute that the stipulation was filed and signed on behalf of only Smith and Delta, as reflected on the

Case 1:17-cv-00541-ELR Document 257 Filed 01/03/24 Page 3 of 6
USCA11 Case: 23-12698 Document: 25-1 Date Filed: 01/03/2024 Page: 3 of 4

23-12698            Opinion of the Court                    3

document itself. On September 8, 2023, the clerk entered a judgment in favor of Delta on all claims, except Smith's discrimination claim and stated that Sorenson, Reep, Doyle, and McLean were dismissed from the action.

Because the August 30, 2023 stipulation of dismissal was signed by fewer than all parties who had appeared in the litigation, the stipulation was ineffective, and Smith's discrimination claim remains pending before the district court. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that a plaintiff may voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared"); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (holding that Rule 41(a)(1)(A)(ii)'s signature requirement applies to all parties, including those who were previously removed from the action). Additionally, the district court did not certify its March 31, 2023 order for immediate review pursuant to Federal Rule of Civil Procedure 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (providing that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable absent certification by the district court pursuant to Rule 54(b)). Thus, we lack jurisdiction to consider this appeal. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." (quotation marks omitted)).

4                  Opinion of the Court                  23-12698

Accordingly, this appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] We also asked the parties to address whether the August 30, 2023 stipulation of dismissal was valid, given that it only dismissed one of the plaintiff's claims against the defendant. Because we find that we lack jurisdiction over the appeal because the stipulation was signed by fewer than all parties that appeared in the action, we express no opinion regarding whether the stipulation was also invalid because it only dismissed one of the plaintiff's claims against the defendant.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 03, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-12698-D
Case Style: Adam McLean, et al v. Delta Air Lines Inc.
District Court Docket No: 1:17-cv-00541-ELR

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion